**Frank RIVERA, Plaintiff,**

v.

**Jerome SIMMONS and Rafael Bastione, Defendants.**

**83 CIV. 3073 (PKL).**

United States District Court, S.D. New York.

July 30, 1987.

**594**

Frank Rivera, pro se.

Peter L. Zimroth, Corp. Counsel, (John P. Woods, New York City, of counsel), for defendants.

### OPINION & ORDER

LEISURE, District Judge:

This action, brought pursuant to 42 U.S.C. § 1983, arises out of events which allegedly occurred nearly seven years ago, on August 27, 1980. Plaintiff, appearing *pro se*, filed his complaint on April 20, 1983, seeking recovery for physical injuries allegedly inflicted by prison officials at Rikers Island. Despite the passage of 19 months and two pertinent court orders, plaintiff has yet to supply adequate responses to defendants' interrogatories. Defendants now move to dismiss the complaint pursuant to Fed.R.Civ.P. 37(b) & (d).

### Factual Background

Defendants served plaintiff with their first set of interrogatories on February 10, 1984. By letter to plaintiff dated July 27, 1984, defendants requested answers to the interrogatories as soon as possible. Plaintiff did not respond. On August 7, 1985, defendant moved to dismiss the action pursuant to Fed.R.Civ.P. 41(b) and, in the alternative, to compel plaintiff to answer the interrogatories pursuant to Fed.R.Civ.P. 37(a)(2). In an order dated September 20, 1985, the Court denied defendants' motion

to dismiss, but ordered plaintiff to supply answers to the interrogatories by November 8, 1985. The Court warned plaintiff that failure to comply with the order would result in the imposition of sanctions, possibly including dismissal of the complaint.

By motion dated October 25, 1985, plaintiff requested a 60–day extension to obtain medical records that he claimed were necessary to answer certain of the interrogatories fully and accurately. On November 20, 1985, the Court granted the motion, directing plaintiff to answer or otherwise object to defendants' interrogatories by January 18, 1986, and stating that no further extensions would be granted. Plaintiff responded with answers dated January 16, 1986, and mailed on January 22, 1986.

Of the 45 interrogatories served by defendants, plaintiff supplied answers to only 19.[1] Of those 19 responses, 13 were full answers and six were partial answers. Eleven of the questions that plaintiff answered fully required only a "yes" or "no" answer. For example, plaintiff responded fully to questions inquiring whether he had ever been discharged from employment because of injury, illness or disability; whether he had possessed a weapon during the incident leading to the lawsuit; and whether he had observed any corrections officers being injured during the incident.

Plaintiff answered seven of the interrogatories by referring to medical records which he failed to produce to defendants. Included in this group of interrogatories were questions seeking a description of the medical treatment that plaintiff received after the alleged incident, the type and extent of injuries that plaintiff received as a result of the incident, any pain or disability that plaintiff now suffers because of the

---

**1.** Defendants received the following responses from plainitff to their 45 interrogatories: 13 full answers (11 of which were "yes" or "no" answers); six partial answers; six questions objected to as irrelevant; three questions objected to as repetitive; two questions objected to as not reasonably calculated to lead to discoverable material; one question objected to as unclear; three responses incorporating portions of the complaint by reference; seven responses referring to medical records which were not produced; two responses promising answers at an unspecified subsequent time; one response stating that information was still being compiled; and one response referring to prison records.

incident, and any scars or disfiguring marks caused by defendants.

Plaintiff objected to eight interrogatories on the ground that they sought information which was either irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, plaintiff refused to disclose the names of any children or dependents; his home address, length of residence, and all previous addresses; his social security number, educational backround, and any military service; and the names of any former employers during the five years preceding the incident. Plaintiff also objected to interrogatories seeking information about the offense for which he was incarcerated at the time of the incident and about any previous arrests.

In two interrogatories, defendants sought information about witnesses to the incident. Plaintiff responded as follows: "Plaintiff will provide information to this on a later time together with the medical reports." Plaintiff, however, has yet to supply the requested information.

By letter dated April 10, 1987, counsel for defendants informed plaintiff, pursuant to Local Rule 3(f), of his position that plaintiff's responses to the interrogatories were deficient. Counsel set forth the particular questions which remained unanswered and added that if complete answers were not received within 10 days, defendants would move for sanctions including dismissal of the action. Plaintiff never responded to the letter.[2]

On May 4, 1987, defendants moved to dismiss the complaint with prejudice pursuant to Fed.R.Civ.P. 37(b) & (d) because of plaintiff's failure to provide adequate and timely answers to the interrogatories. Defendants' Notice of Motion stated that plaintiff's answering papers were to be submitted to the Court by May 24, 1987. On May 27, 1987, the Court, having re-

ceived no such papers, ordered plaintiff to respond to the motion by June 29, 1987. The Court warned that failure to comply with the order might result in sanctions, including dismissal. As of the date hereof, however, plaintiff has not responded to the motion to dismiss.

### Discussion

It is well-established that "[d]ismissal under Fed.R.Civ.P. 37 is a drastic penalty which should be imposed only in extreme circumstances." *Israel Aircraft Industries, Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir.1977). "The sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to 'wilfulness, bad faith, or any fault' of the [noncomplying party]." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.1986) (citations omitted). Although *"pro se* plaintiffs do in fact often 'frustrate the processes of litigation'... dismissal is justified only when they do so deliberately, not when they do so 'through misunderstanding.'" *Id.* (citation omitted). *See also Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir.1981) (dismissal encouraged where party acted " 'in flagrant disregard' " of court orders) (citations omitted). *Cf. Romandette v. Weetabix Co.*, 807 F.2d 309, 312 (2d Cir.1986) (dismissal of *pro se* complaint under Rule 41(b) held appropriate only in " 'extreme situations' ") (citations omitted).

In *Harris*, the Court of Appeals for the Second Circuit reversed the District Court's dismissal of a *pro se* complaint pursuant to Rule 37. The Court criticized the District Court for failing to first direct the plaintiff to testify at a deposition pursuant to Rule 37(a) and for dismissing the complaint in the absence of " 'extreme circumstances,' such as manifest bad faith...." 782 F.2d at 1132.[3] In the instant case, by contrast,

---

**2.** Plaintiff did not at any time move for a protective order, as required by Rule 37(d).

**3.** The *Harris* Court noted that "Rule 37(b) requires that a court order be in effect before sanctions are imposed" pursuant to that subdivi-

sion. 782 F.2d at 1131. In the instant case, the Court's orders of September 20, 1985, and November 20, 1985, required plaintiff to answer defendants' interrogatories in a complete and straightforward manner. *See* Fed.R.Civ.P. 37(a)(3). The *Harris* Court also stated that dis-

the Court previously denied defendants' motion to dismiss pursuant to Rule 37, and granted defendants' motion to compel plaintiff to respond to defendants' interrogatories. The Court initially set November 8, 1985, as the deadline and then granted plaintiff's request for an extension to January 18, 1986. Finally, on May 27, 1987, the Court ordered plaintiff to respond to the instant motion to dismiss by June 29, 1987.

Unlike *Harris*, this case presents "extreme circumstances" justifying dismissal. Plaintiff's repeated failure to comply with defendants' discovery request and the Court's orders demonstrates manifest bad faith. *See Mendoza* 642 F.2d at 310. Plaintiff's conduct—such as his refusal to respond to questions seeking background information, references to medical records which he has never provided to defendants, evasive answers promising future responses, and his failure to respond to the instant motion—demonstrates not a lack of understanding, but a deliberate attempt to frustrate this litigation.

In view of his *pro se* status, plaintiff shall be afforded one final opportunity to comply with the Court's prior orders regarding defendants' interrogatories. Plaintiff's objections to the interrogatories are overruled in all respects, and plaintiff is hereby directed to supply complete answers to the remaining interrogatories, as specifically referred to in defendants' counsel's letter dated April 10, 1987, on or before August 21, 1987. If plaintiff does not understand this requirement, he shall so advise the Court by August 14, 1987.

If plaintiff fails to comply with this order, defendants' motion will be granted and plaintiff's complaint will be dismissed.

SO ORDERED.

<hr />

missal under Rule 16(f) was not justified because there was no explicit court order. 782 F.2d at 1133. In the instant case, plaintiff has failed to comply, in addition, with the Court's order of May 27, 1987, which required him to respond to defendants' motion to dismiss. Thus, Rule 16(f) also supports the Court's conclusion in this case.