**REPUBLIC OF THE PHILIPPINES, Plaintiff,**

v.

**Ferdinand E. MARCOS, et al., Defendants.**

**CANADIAN LAND COMPANY OF AMERICA, N.V., Herald Center Ltd., and Nyland (CF8) Ltd., Appellants,**

v.

**Joseph BERNSTEIN, Ralph Bernstein, NYL, Inc. (formerly known as Greatneckers Realty, Inc.), d/b/a the New York Land Company, New York Realty, Inc., NYL Properties, Inc., and Bernstein Carter & Deyo, Appellees.**

**No. 1212, Docket 89–7116.**

United States Court of Appeals, Second Circuit.

Argued June 16, 1989.

Decided Oct. 31, 1989.

---

Andrew J. Levander, New York City (Shari L. Steinberg, Cheryl Spinner, Shereff, Friedman, Hoffman & Goodman, New York City, of counsel), for appellants.

Michael J. Silverberg, New York City (Joseph C. Savino, Steven B. Menack, Phillips, Nizer, Benjamin, Krim & Ballon, New York City, of counsel), for appellees Joseph Bernstein, Ralph Bernstein, NYL, Inc., d/b/a The New York Land Company, New York Realty, Inc. and NYL Properties, Inc.

Frederick T. Davis, New York City (Gregory L. Diskant, Stephen A. Warnke, Patterson, Belknap, Webb & Tyler, New York City, of counsel), for appellees Bernstein Carter & Deyo.

Jeffrey J. Greenbaum, New York City (Clive S. Cummis, James M. Hirschhorn, Sills Cummis Zuckerman Radin Tischman Epstein & Gross, P.A., New York City, Morton Stavis, Center for Constitutional Rights, New York City, of counsel), for amicus curiae, Republic of the Philippines.

Before OAKES, Chief Judge, VAN GRAAFEILAND and PRATT, Circuit Judges.

OAKES, Chief Judge:

This appeal arises from the dismissal of *Canadian Land Company of America, N.V. v. Bernstein*, No. 86 Civ. 9087, ordered by Judge Pierre N. Leval, United States District Court for the Southern District of New York, as a sanction for the disobedience by Adnan Khashoggi and Sami Fadel Barakat ("Fadel") of repeated orders to appear in New York for deposition as managing agents of the corporate plaintiffs. Arguing that Khashoggi and Fadel are not managing agents of plaintiff corporations, that Khashoggi and Fadel had compelling personal reasons for avoiding appearance in New York, and that measures less drastic than dismissal should have been pursued, plaintiffs-appellants seek reversal of the district court order. Because the sanction in this case is well within the discretion of the trial judge, we

affirm dismissal, with modification of the district court order as noted below.

## FACTS

*Canadian Land* is one aspect of the three-sided contest among the Republic of the Philippines ("the Philippines"), Joseph and Ralph Bernstein and their affiliated corporations ("the Bernsteins"), and Adnan Khashoggi to establish ownership of four valuable Manhattan properties. In the principal action, *Republic of the Philippines v. Marcos*, the Philippines claimed that the late Philippine President Ferdinand Marcos purchased the properties with illegally acquired wealth and then used a complicated structure of shell corporations to cover up his interest in the properties. In that action, the Philippines obtained a preliminary injunction prohibiting Marcos, the Bernsteins, the four corporations holding legal title to the properties ("the Owner Corporations"), and others from directly or indirectly transferring the properties or the Owner Corporations. *See New York Land Co. v. Republic of Philippines*, 634 F.Supp. 279 (S.D.N.Y.), *aff'd sub nom. Republic of Philippines v. Marcos*, 806 F.2d 344 (2d Cir.1986), *cert. denied*, 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987). In the part of the action still pending, *see* No. 86 Civ. 2294, the Republic of Philippines is contesting both the Bernsteins' and Khashoggi's claims to have purchased the Owner Corporations from Marcos before the injunction issued.

In *Canadian Land*, Karl Peterson brought suit on behalf of three of the four Owner Corporations against the Bernsteins for their alleged breaches of fiduciary duty in managing the properties from 1983 to 1986. Peterson claimed authority to bring suit by producing documents that allegedly named him managing director or attorney-in-fact of the three plaintiff corporations. The Bernsteins challenged his authority, arguing that Peterson acted under the control of Khashoggi, and that his alleged authority was the result of Khashoggi's fraudulent scheme of backdating documents in order to present himself, and not Marcos, as the true beneficial owner of the

properties since well before issuance of the *Philippines* injunction. During Peterson's thirty-one day deposition by the Bernsteins, Peterson admitted that many of his actions with regard to the properties were directed by Khashoggi, and that he had little knowledge of when and how Khashoggi acquired ownership over the properties.

Judge Leval found that Khashoggi was a managing agent of all of the plaintiff corporations and that Fadel, who ran a Swiss Khashoggi corporation called Management & Control, was an additional managing agent of one of the plaintiff corporations. Judge Leval ordered both Khashoggi and Fadel to appear in New York for deposition and refused to allow the depositions to occur in Canada or Switzerland. When Khashoggi and Fadel disregarded numerous orders to appear for deposition to avoid being served with process on other matters while in the United States, Judge Leval dismissed the action pursuant to Fed.R. Civ.P. 37.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions where "a party or ... managing agent of a party or a person designated under Rule 30(b)(6) ... to testify on behalf of a party fails to obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2). Although dismissal of an action or proceeding is the most severe of appropriate sanctions, *see National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642–43, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976) (per curiam), the "'element of willfulness or conscious disregard' for the discovery process ... justifies the sanction of dismissal." *Founding Church of Scientology, Inc. v. Webster*, 802 F.2d 1448, 1458 (D.C. Cir.1986) (citation omitted), *cert. denied*, 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987).

■ On the basis of the record before us, we cannot conclude that Judge Leval abused his discretion in holding that Khashoggi's and Fadel's testimony were so important to this action that their failure to appear for deposition prejudiced the defen-

dants greatly. Much of Peterson's testimony suggests that his authority derives from Khashoggi's alleged ownership of the properties, and that Khashoggi and Fadel alone can clarify how and when the transfer of ownership took place. Because Peterson alleged that Khashoggi is the actual beneficial owner of the properties, the district court had ample reason to hold that Khashoggi's interests were so closely intertwined with the plaintiff corporations in commencing this action that he could be considered their alter ego.

 Judge Leval also acted within his discretion by not allowing the depositions to take place abroad. Even if plaintiffs-appellants had *promptly* offered the alternative of a feasible foreign location, the burden that such an alternative would impose on defendants' counsel is unwarranted in this case, where the persons seeking to avoid deposition are central to the plaintiffs', rather than defendants', case. As Judge Leval properly concluded, it would be fundamentally unfair to allow Khashoggi to invoke the authority of this court and at the same time to withhold information vital to the Bernsteins' defense. We therefore affirm the district court's order of dismissal.

■ Nevertheless, we take judicial cognizance of Khashoggi's extradition to the United States. In light of Khashoggi's current United States presence, appellants are free to move the district court to vacate its judgment upon tendering him for deposition.

■ Furthermore, we note that dismissal of the claims against the Bernsteins in this case does not preclude litigation of similar claims against the Bernsteins in the *Philippines* action. The district court did not expressly decide the merits of appellants' claims. We have not considered the merits, and we do not think that the dismissal in this action should in any way have preclusive effect in the *Philippines* case. Accordingly, we direct the district court to modify its order by adding the following:

> This order is not intended to pass upon the merits of the Republic of the Philippines' claims against the defendants in No. 86 Civ. 2294 now pending in this court or in Civil Case No. 0001 PCGG No. 2 brought by the Republic of the Philippines in Sandiganbayan, Third Division, Manila; and dismissal of the complaint in No. 86 Civ. 9087 is without prejudice to the two said actions brought by the Republic of the Philippines. This dismissal shall have no binding effect on principles of res judicata or otherwise in those actions.

We further direct the district court to delete that portion of footnote 1 in its order that declares the Philippines' motion for sanctions moot.

The district court order is thus affirmed as modified.