William W. DUKES, Plaintiff,

v.

**NEW YORK CITY POLICE COMMIS-SIONER WARD, New York City, Atlantic Mutual Companies, Peter Delcioppo, John Gaffney, Sergeant Miller, John Does # 4, # 5, # 6, John Does # 2, # 3, Defendants.**

**No. 89 Civ. 4510 (PKL).**

United States District Court,
S.D. New York.

Feb. 23, 1990.

William W. Dukes, pro se.

Peter L. Zimroth, Corp. Counsel, New York City Law Dept. (Chlarens Orsland, of counsel), for defendants New York City and New York City Police Com'r Ward.

Stanley Zawacki, New York City (Victor Vincenzi, of counsel), for defendant Atlantic Mut. Companies.

Shapiro, Shiff, Beilly, Rosenberg & Fox, New York City, Sara A. Byron, of counsel, for defendants Allstate Ins. Co. and Peter Delcioppo.

## MEMORANDUM ORDER

LEISURE, District Judge.

This is an action arising under 42 U.S.C. § 1983, and containing numerous other claims. The case was originally brought in the United States District Court for the District of New Jersey and was assigned to the Hon. H. Lee Sarokin, United States District Judge for that Court. Pursuant to a motion by defendants, the action was transferred to this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a). The action was subsequently assigned to United States Magistrate Sharon E. Grubin by order dated July 10, 1989. Magistrate Grubin has now filed a report and recommendation in this matter recommending dismissal of this case pursuant to Fed.R. Civ.P. 37. Having received the Magistrate's report, plaintiff's objections to that report, and supplemental submissions from the parties in response to an order of this Court dated February 1, 1990, the Court has undertaken a *de novo* review of this action in light of the Magistrate's recommendation, as required by Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1). Based on that review, the Court, for the reasons stated below, adopts the recommendation of the Magistrate and orders that this action be dismissed without prejudice.

On July 20, 1989, shortly after being assigned to supervise this action, Magistrate Grubin sent a letter to all parties to this action informing them that a conference would be held on August 15, 1989 in Room 431 of this Courthouse. Plaintiff William Dukes ("Dukes") did not appear at this conference, though counsel for other parties did appear. Immediately following that conference, on August 15, 1989, Magistrate Grubin issued an order stating that "Unless plaintiff contacts the [Magistrate] within thirty (30) days from today, this case will be dismissed." On the next day, before Dukes could have received the Magistrate's August 15 scheduling order, Dukes contacted the Magistrate by phone and informed her that he had not received notification of the conference in time to attend. Magistrate Grubin then scheduled another conference for September 12, 1989. All

parties, including Dukes, appeared at that conference, during which a schedule was set by the Magistrate which required Dukes to serve and file his discovery requests by September 22, 1989, and required defendants to respond to those requests by October 13, 1989. The Magistrate further informed the parties that she wanted all depositions held by late October, and summary judgment motions, if any, filed by the end of November. The Magistrate also instructed all parties to notify her if problems arose which would prevent meeting that schedule.

This schedule did not hold. It appears that almost all discovery requests were served on schedule, and it appears that defendants met most, if not all of plaintiff's requests by the October 13, 1989 deadline set by the Magistrate. Dukes, however, did not meet that deadline. By letter to the Magistrate dated October 10, 1989, three days before the discovery deadline, Dukes requested a two week extension, to October 27, 1989, due to an illness he had suffered in the early fall, and due to the extent of defendants' discovery requests. Dukes had not previously contacted the Magistrate to inform her of his illness or of the allegedly burdensome nature of the discovery demands, as he had been instructed to do during the September 12, 1989 conference. There was apparently some agreement regarding an extension, as a letter from defense counsel Victor Vincenzi, Esq. ("Vincenzi") dated November 8, 1989 indicates that plaintiff's time to respond to interrogatories was extended to November 3, 1989. Nonetheless, on October 30, 1989, Dukes wrote to defense counsel and requested an additional extension. Again, there is no record that Dukes indicated to the Magistrate between October 10, 1989 and October 30, 1989 that he was continuing to have problems meeting the discovery schedule. Despite plaintiff's failure to respond to interrogatories in a timely fashion, defendants, on November 8, 1989, noticed plaintiff for a deposition to take place on November 17, 1989. That notice also included a demand that plaintiff produce at the deposition certain documents central to his claims.

Dukes did appear for his deposition on November 17. Following that deposition, both Dukes and Vincenzi wrote to the Magistrate. Dukes wrote to request a further extension of discovery deadlines. Vincenzi indicated in his letter that Dukes had failed to produce at his deposition most of the documents demanded in the notice of deposition, and was able to answer many of the questions only with vague generalities, and was unable to state with certainty the years in which his claims arose. Vincenzi did agree to granting Dukes an extension to December 4 to respond to the outstanding discovery requests, if defendants' deadline for submitting substantive motions was also extended. Pursuant to this correspondence, Magistrate Grubin issued an order which stated:

> [I]t is hereby ORDERED that plaintiff shall comply with all defendants' discovery demands by December 4, 1989. Failure to comply will result in sanctions, including possible dismissal of his action under Fed.R.Civ.P. 37. Defendants' time to file substantive motions is hereby extended to January 5, 1990. SO ORDERED. Dated: New York, New York, November 27, 1989.

Copies of this order were sent on November 27, 1989 to all parties, including Dukes.

On November 29, 1989, Dukes again wrote the Magistrate, objecting to Vincenzi's characterization of the deposition. Dukes claimed that he answered most questions to the best of his ability, but admitted that he had refused to answer certain questions because he did not consider them appropriate. Dukes explained to the Magistrate, "Other questions weren't relevant to the causes of action in the complai[nt,] were vague and being used as a fishing expedition, in context with prefixes as 'all and any' or too complex to rationally respond to." Dukes also claimed in his letter that, at the September 12, 1989 conference with the Magistrate, he had requested appointment of counsel and his request had been denied. Dukes in his November 29 letter renewed that alleged request. The Court has reviewed the complete transcript of the September 12 confer-

ence, which was provided by plaintiff in his objections to the Magistrate's report. At no point during that conference did Dukes request appointment of counsel, nor, obviously, was any such request denied by the Magistrate at that time. Further, at no later point in the litigation did Dukes make a request for appointment of counsel. Finally, a review of the file indicates that no such request was made before Judge Sarokin while this case was pending in the District of New Jersey.

Apparently, Dukes did serve purported answers to interrogatories and to document demands on December 4, as ordered by the Magistrate. However, in response to a number of interrogatories and document requests, Dukes simply responded that the requested answers or materials would be provided after discovery or prior to trial, but not at that time. This is not an appropriate and necessary response to such requests, and, as Vincenzi noted in a letter to the Magistrate dated December 28, 1989, made it difficult, if not impossible, for defendants to file meaningful motions for summary judgment. Further, Vincenzi indicated that Dukes had provided medical authorizations as demanded, but the treatment dates for the records Dukes authorized to be released bore almost no relation to the injury dates alleged in the complaint.

Based on this information, on January 4, 1990, Magistrate Grubin issued an order stating in full:

It is hereby ORDERED that a hearing will take place on January 18, 1990 at 3:45 p.m. at which time plaintiff shall show cause why sanctions should not be imposed upon him pursuant to the Court's order of November 27, 1989 for his apparent continued failure to comply fully and timely with defendants' discovery demands. All other proceedings in this case will be stayed pending the hearing on January 18. SO ORDERED. Dated: New York, New York January 4, 1990.

This order was mailed to all parties, including Dukes, on January 4, 1990. Dukes failed to appear at the hearing on January 18, 1990. He made no effort to contact the

Magistrate, her staff, or any of the other parties in this case prior to the hearing, indicating that he could not or would not attend. The Magistrate waited approximately 50 minutes after the scheduled time for the conference to see if Dukes would appear. When he still had failed to appear, the Magistrate began the hearing, the transcript of which constitutes her report and recommendation to this Court. Defendants were fully represented at the hearing, and indicated that for the most part, Dukes' answers to their document requests consisted of sending to defendants copies of the same documents they had sent to him. Vincenzi again reiterated that the medical authorizations appeared to bear no relation to the injuries alleged in the complaint.

Based on these representations that plaintiff had failed to answer adequately and completely defendants' discovery requests, despite receiving numerous extensions, and based on Dukes failure to appear at the scheduled conference on January 18, 1990, or to notify the Magistrate or any party of his intent not to appear, the Magistrate recommended dismissal of this action.

Fed.R.Civ.P. 37(b)(2) provides in pertinent part:

If a party ... fails to obey an order to provide or permit discovery including an order made under subdivision (a) of this rule ... the Court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders....

Fed.R.Civ.P. 16(a) allows the Court or the Magistrate to "direct attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial ..." Rule 16(b) permits the Court or the Magistrate to "enter a scheduling order that limits the time ... to

complete discovery." Rule 16(f) states that, "If a party ... fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party ... fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others, any of the orders provided in Rule 37(b)(2)(B), (C), (D)."

The policy reasons underlying the imposition of even the most severe of sanctions has been clearly stated by the Supreme Court. "[S]anctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), *quoting National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). The Second Circuit has "emphasize[d] the importance [ ] place[d] on a party's compliance with discovery orders." *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 73 (2d Cir.1988). "A party who flouts such orders does so at his peril." *Id.* The Court has indicated that it does not wish district courts to shy away from imposing the harsher sanctions available under Rule 37. "Were we to adopt a position that overly inhibits the imposition of the harsher sanctions authorized by Rule 37, we would turn the rule into a 'paper tiger.' *Update Art*, 843 F.2d at 71. Thus, we would 'encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were up against the wall.' *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir.1979)." *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir.1989).

It is clear that "dismissal of an action or proceeding is the most severe of appropriate sanctions." *Republic of the Philippines v. Marcos*, 888 F.2d 954, 956 (2d Cir.1989). *See also Israel Aircraft Industries, Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir.1977) ("Dismissal under [Rule] 37 is a drastic penalty which should be imposed only in extreme circumstances.") Nonetheless, the " 'element of willfulness or conscious disregard' for the discovery process ... justifies the sanction of dismissal." *Founding Church of Scientology, Inc. v. Webster*, 802 F.2d 1448, 1458 (D.C.Cir.1986), *cert. denied*, 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987) (citations omitted).

The Second Circuit has urged district courts to be particularly patient with *pro se* litigants before imposing sanctions. Although "*pro se* plaintiffs do in fact often 'frustrate the processes of litigation' ... dismissal is justified only when they do so deliberately, not when they do so 'through misunderstanding.'" *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.1986) (citations omitted). In *Salahuddin*, the Second Circuit criticized the district court for dismissing a *pro se* complaint without first giving plaintiff greater direction and warning. The Court also rejected dismissal under Rule 16(f) because plaintiff's actions were not in direct contradiction of any order issued by the district court. *Id.* at 1132–33.

This does not mean that *pro se* litigants are immune from sanctions under Rules 16 and 37. Recently, the Second Circuit upheld the dismissal of a civil rights action brought by a *pro se* plaintiff after that plaintiff had failed to heed at least four discovery orders, despite being granted extensions, and being informed that sanctions could be imposed for his non-compliance. *Minotti v. Lensink*, 895 F.2d 100 (2d Cir. 1990). *See also Rivera v. Simmons*, 116 F.R.D. 593 (S.D.N.Y.1987) (action dismissed against *pro se* plaintiff whose answers to interrogatories were deficient, and who refused to answer defendant's motion despite an explicit Court order). As the Court has noted previously, "[A]ll litigants, including pro ses, have an obligation to comply with court orders." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988).

In the case now before the Court, plaintiff has directly disobeyed orders of the

Magistrate on at least three occasions. First, plaintiff failed to inform the Magistrate in September 1989 that he was ill and encountering other difficulties in completing discovery, as he was instructed to do by the Magistrate during the September 12, 1989 conference. Instead plaintiff waited until three days before the date set by the Magistrate for compliance with discovery requests to inform the court and counsel that he would not meet the deadline. Second, plaintiff, despite being granted at least two formal extensions, did not meet the discovery cut-off date of December 4, 1989, set by the magistrate in her order of November 27, 1989. As indicated by letters from defense counsel, which have been made a part of the record of this case, numerous discovery requests remain unmet, and plaintiff's answers to questions put to him at his deposition remain unsatisfactorily answered. Third, plaintiff failed to attend a hearing scheduled by the Magistrate to be held on January 18, 1990, even though his attendance at that hearing was mandated by order. He made no effort to contact the Magistrate or any of defendants to indicate that he would not be able to attend. Further, in his initial opposition to the Magistrate's report and recommendation, plaintiff made no effort to explain his absence from that hearing. After an order of this Court dated February 1, 1990, requiring plaintiff to explain his failure to appear, plaintiff indicated that he was out of town on the date of the hearing.

Plaintiff was, on at least two occasions, given notice that his failure to abide by orders of the Magistrate could result in the imposition of sanction, including dismissal. Both in her order of August 15, 1989 and her order of November 27, 1989, the Magistrate indicated to plaintiff that his failure to abide by those orders might result in sanctions or dismissal. The November 27, 1989 order also indicated that sanctions could be imposed for failure to meet the discovery deadline set in that order. De-

spite these clear indications that sanctions could be imposed for failure to follow the directions and orders of the Magistrate, including the meeting of discovery deadlines, informing the Magistrate of discovery difficulties in a timely fashion, and appearing at conferences and hearings as directed, plaintiff has failed to take his obligations seriously. Despite his assertion to the contrary, it is clear that discovery demands remain unsatisfied. Also, plaintiff's failure to appear at the January 18, 1990 hearing, or to at least to contact the Magistrate before the hearing or immediately thereafter to explain his absence, demonstrates a callous and indifferent attitude towards his obligations as a litigant in this Court. Plaintiff has been fully notified of the consequences for his failure to comply with court orders. There is no possibility of misunderstanding the serious nature of the Magistrate's orders and the consequences of disobeying them. Plaintiff has flaunted these orders at his peril. The result will be dismissal of his action pursuant to Rules 16(f) and 37(b)(2)(C), as recommended by the Magistrate. The Court will dismiss this matter without prejudice with the hope that, should plaintiff choose to refile, he will take the directions of the Court with greater seriousness.[1]

## CONCLUSION

The report and recommendation of Magistrate Sharon Grubin in this matter is adopted in its entirety. The above-captioned action is dismissed without prejudice.

SO ORDERED.

---

1. The Court has seriously considered ordering plaintiff to pay defense counsel's expenses caused by their having to appear at a hearing before the Magistrate on January 18, 1990, which plaintiff chose not to attend or inform the Magistrate of his absence. However, despite the Court's power to impose sanctions on its own initiative under both Rules 16 and 37, the Court will not step beyond the frame of the recommendation of the Magistrate.