Raymond LEE, Plaintiff,

v.

Thomas A. COUGHLIN, III, Commissioner, James Mahoney, Hearing Officer, Defendants.

No. 93 Civ. 8417(SS).

United States District Court, S.D. New York.

Jan. 2, 1996.

Raymond Lee, Coxsackie, NY, plaintiff pro se.

Dennis C. Vacco, Attorney General of the State of New York, New York City, for defendants; June Duffy, of counsel.

### OPINION AND ORDER

SOTOMAYOR, District Judge:

By Opinion and Order entered on October 3, 1995 (the "Opinion"), I rejected defendant James Mahoney's qualified immunity defense and granted *pro se* plaintiff's cross-motion for summary judgment against the defendant. The Opinion (at 13 n. 9) recognized, however, that the parties' motions had been filed before the Supreme Court had issued its decision in *Sandin v. Conner,* — U.S. —, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The footnote observed that I was "hard pressed to believe that 376 days in SHU [the days plaintiff served in a Special Housing Unit before he was released] would not constitute an 'atypical and significant hardship' as defined by *Sandin* and I assume that that is why defendants did not seek to supplement their papers." I further invited the parties to file a motion for reconsideration if they had additional arguments on this issue.

Although defendant Mahoney did not ask to address the *Sandin* issue before his motion was decided, defendant now moves for reconsideration pursuant to Fed.R.Civ.P. 59(e) and 60(b) on the ground that 376 days in SHU are not an atypical or significant hardship of prison confinement in New York State. Defendant requests that I alter my original judgment based on the new information contained in his papers or, alternatively, that I grant him additional discovery to demonstrate that plaintiff's confinement was not "atypical."

I do not understand why defendant needs additional discovery. He has submitted an affidavit from the Deputy Commissioner and Counsel for the New York State Department of Correctional Services ("DOCS") in support of his motion, and the affidavit does not indicate that any information has been withheld from defendant. Indeed, it is plaintiff who may need discovery to challenge the factual basis of defendant's arguments.

Nevertheless, I agree that defendant is entitled to reconsideration or reargument on the ground that he did not have an opportunity to address the implications of *Sandin* before I issued my Opinion. Plaintiff's *pro se* papers were extraordinarily well done given his lack of legal training. The *Sandin* decision, moreover, raises a new and developing question of law and fact and I appreciate that the Prisoners' Legal Services and the Prisoners Rights Project of the Legal Aid Society have appeared on behalf of plaintiff.

For the foregoing reasons, defendant's motion for reconsideration is granted and I stay the entry of judgment directed in my Opinion. I will permit defendant to resubmit a motion for summary judgment on the *Sandin* issue after discovery on the issue is completed.

**SO ORDERED.**