Sharon Rose **GLIDDEN**, Plaintiff,

v.

**COUNTY OF MONROE, Monroe Community Hospital, Defendants.**

No. 95–CV–6329L.

United States District Court, W.D. New York.

Jan. 2, 1997.

---

Sharon Rose Glidden, Rochester, NY, Pro Se.

John P. Costello, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, Sharon Rose Glidden ("plaintiff"), commenced this action *pro se*, pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), against the defendants Monroe Community Hospital ("MCH") and the County of Monroe (collectively "defendants").[1] Plaintiff claims that she was denied consideration for a full-time position at MCH because of her past treatment for mental illness.

Pending before me are defendants' motion for summary judgment and plaintiff's motion for reinstatement and other relief. For the reasons set forth below, defendants' motion is granted.

## FACTUAL BACKGROUND

In November 1992, plaintiff applied for a full-time licensed practical nurse ("LPN") position at MCH. During a routine pre-employment physical exam, plaintiff was asked about prior hospitalizations. Plaintiff responded that in 1991, she had suffered a nervous breakdown and was hospitalized at Strong Memorial Hospital for five days, but that the problem was resolved. This information was noted on plaintiff's physical exam form.

MCH hired plaintiff, effective November 30, 1992, as a full-time LPN on the day shift. Thereafter, plaintiff attended an intensive six-week orientation program. At some point, however, plaintiff decided that she did not want to work the day shift and would prefer to work evenings. Consequently, she resigned from the full-time day position and began working for MCH on a *per diem* basis in the evening.

Eventually, a full-time evening position opened at MCH. The head nurse informed plaintiff that although she could continue to work on a *per diem* basis, she would not be considered for the full-time position because she had previously quit a full-time position shortly after being hired and trained. According to plaintiff, the head nurse also stated "and then there's the physical." Plaintiff did not ask the head nurse what she meant by this comment, and the head nurse did not elaborate any further. Plaintiff assumed that the comment referred to her pre-employment physical in which she disclosed that she had suffered a nervous breakdown.

---

1. Plaintiff initially commenced this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, which prohibits discrimination in employment based on an individuals's race, color, religion, sex or national origin. Plaintiff's discrimination claim, however, is not premised on any of those bases, but is, instead, premised entirely on an alleged disability. Therefore, her claim will be analyzed under the ADA.

In July 1995, plaintiff commenced this action, alleging that she was discriminated against because of her past treatment for mental illness.[2]

Defendants move for summary judgment on the ground that plaintiff did not suffer from an actual or perceived mental disability as required by the ADA. Further, defendants maintain that plaintiff has failed to establish a connection between the adverse employment action and her alleged disability.

## DISCUSSION

### I. Legal Standards

#### A. Summary Judgment Standard

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir.1994). A genuine issue of material fact exists only if the record, taken as a whole, could lead a reasonable trier of fact to find in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), and all ambiguities and inferences that may be reasonably drawn from the facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir.1991). To defeat summary judgment, however, the non-moving party, must go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The general principles underlying a motion for summary judgment apply no less to this action simply because it is an employment discrimination case. While it is true that courts exercise caution when considering whether to grant summary judgment in cases where an employer's intent is at issue, *Gallo v. Prudential Residential Servs., Ltd. Partnership*, 22 F.3d 1219, 1224 (2d Cir.1994), "summary judgment remains available to reject discrimination claims in cases lacking genuine issues of material fact." *Chambers*, 43 F.3d at 40. For a plaintiff in a discrimination case to survive a motion for summary judgment, she must do more than present "conclusory allegations of discrimination;" she must offer "concrete particulars" to substantiate the claim. *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985); *Duprey v. Prudential Ins. Co.*, 910 F.Supp. 879, 883 (N.D.N.Y.1996).

#### B. Discrimination Claims

When analyzing discrimination claims under the ADA, courts apply the three-part test announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny. *See e.g., Duprey v. Prudential Ins. Co.*, 910 F.Supp. 879 (N.D.N.Y.1996). Under this test, plaintiff must carry the initial burden of establishing a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824; *Lopez v. Metropolitan Life Ins. Co.*, 930 F.2d 157, 160–61 (2d Cir.), *cert. denied*, 502 U.S. 880, 112 S.Ct. 228, 116 L.Ed.2d 185 (1991). If plaintiff establishes a *prima facie* case, then the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. If the employer produces such evidence, then the burden shifts back to the plaintiff to prove that the employer's reason is a mere pretext and that discriminatory intent was more likely the cause of the employer's actions. *McDonnell*

---

**2.** In her complaint, plaintiff initially alleged that she was discriminated against because MCH suspected that she was mentally ill. In her response to defendants' motion for summary judgment, plaintiff clarifies that her claim is not that MCH discriminated against her for current mental illness, but for past treatment of mental illness and fear of its reoccurrence.

*Douglas,* 411 U.S. at 804, 93 S.Ct. at 1825; *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 257, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

## II. Plaintiff's ADA Claim

■ Section 12112(a) of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

In order to survive a motion for summary judgment on an ADA claim, plaintiff must first establish a *prima facie* case of discrimination. *Aquinas v. Federal Exp. Corp.,* 940 F.Supp. 73, 77 (S.D.N.Y.1996). In other words, plaintiff must produce evidence sufficient to support a reasonable inference of discrimination. *Id.* Specifically, plaintiff must demonstrate that: (1) she is disabled within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of her job;[3] and (3) she suffered adverse employment action because of her disability. *Id.*

Giving plaintiff the leeway to which *pro se* plaintiffs are entitled, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff is unable to satisfy even the threshold requirement that she is disabled within the meaning of the ADA.

### A. Plaintiff Was Not Disabled

An individual is considered disabled within the meaning of the ADA if she: (1) has a physical or mental impairment that substantially limits one or more of the major life activities such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; (2) has a record of such an impairment; or (3) has been regarded as having such an impairment. 42 U.S.C. § 12102(2)(A)–(C); 29 C.F.R. § 1630.2(i). If an individual meets any one of these three criteria, she is consid-

ered an individual with a disability for purposes of ADA coverage.

### 1. Mental Impairment that Substantially Limits One Or More of The Major Life Activities

Plaintiff does not claim, nor is there any evidence before the Court, that plaintiff suffered from a mental impairment that substantially limited one of her major life activities either at the time she was denied the full-time evening position or at any other time in the past. There is no indication that as a result of her five-day treatment at Strong in 1991, plaintiff was diagnosed as having a mental impairment that substantially limited one or more of her life activities.

### 2. A Record of Such Impairment

An individual also may be considered disabled if she has "a record of such impairment." This means that the individual "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k).

Again, the record before this Court is completely devoid of any evidence that plaintiff had a history of, or has been misclassified as having, a mental impairment that substantially limited one or more of her life activities. In fact, the only record before this Court is a 1993 psychological evaluation in which plaintiff's doctor concludes: "I am of the professional opinion that Sharon Rose Stevens does not suffer a significant mental disease or defect."

### 3. Being Regarded as Having Such an Impairment

· Finally, an individual may be considered disabled if she is regarded by her employer as impaired in a way that substantially limits major life activity. Plaintiff does not meet this criterium for two reasons.

First, and most important, plaintiff fails to demonstrate that anyone at MCH perceived her to have any impairment at all, let alone an impairment that substantially limited one or more of her life activities. Plaintiff maintains that at no time did she feel that defen-

---

**3.** Neither party challenges the qualifications of plaintiff to perform the essential functions of her

job. Therefore, this element is not at issue in the instant action.

dants believed that she was mentally ill. Plaintiff's Response to Defendants' Motion for Summary Judgment at 5. Further, plaintiff testified at her deposition that she was not aware of anyone at MCH who was under the belief that she could not perform her duties as a LPN on a full-time basis because of the mental breakdown and depression that she had suffered in the past. Deposition of Sharon Rose Glidden at 106.

Second, plaintiff claims, that the "discrimination occurred solely due to the stigma and discriminatory fear of recurrence of mental illness." There is no evidence in the record that defendants "feared" that plaintiff would suffer from a mental disability in the future. Plaintiff's speculation and surmise on this point does not constitute evidence of that fact sufficient to warrant denial of the summary judgment motion. However, even if the defendants had such a perception or fear, that does not render the ADA applicable. *Pater v. Deringer Mfg. Co.*, 1995 WL 530655 (N.D.Ill.1995). Therefore, plaintiff is unable to demonstrate that she was regarded by MCH as impaired in a way that substantially limited one or more of her major life activities.

Because plaintiff has not demonstrated that she is disabled within the meaning of the ADA, she is unable to establish a *prima facie* case of discrimination,[4] and defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted, plain-

tiff's motion is denied, and plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.

---

4. Even if plaintiff had been able to prove that she was disabled and, therefore, entitled to the protection of the ADA, she still would have faced difficulty in establishing a *prima facie* case of discrimination. There is simply no concrete particulars that plaintiff was denied the full-time evening position based on her mental illness. There is only plaintiff's conclusory allegation that the head nurse uttered the word "physical" in a conversation with plaintiff. Further, the fact that MCH hired plaintiff for a full-time LPN position with full knowledge of plaintiff's previous "nervous breakdown" undercuts plaintiffs claim of discrimination and suggests that MCH

does not discriminate against individuals with previous mental impairments. After having been given that full-time job and intensive training, plaintiff quit. The more probable conclusion to be drawn from all these circumstances is that the plaintiff was not denied the full-time evening position because of an alleged mental disability, but because of her demonstrated lack of dependability.

Plaintiff's failure to establish a prima facie case of discrimination renders it unnecessary for the Court to consider whether defendants' reasons for not offering her the full-time job were legitimate or a mere pretext for discrimination.