Steven C. GITTENS, Sr., Plaintiff,

v.

GARLOCKS SEALING TECHNOLOGIES, Garlocks, Inc., Defendant.

No. 97–CV–6240L.

United States District Court,
W.D. New York.

Oct. 2, 1998.

Steven C. Gittens, Sr., Lyons, NY, pro se.

Peter A. Jones, Bond, Schoeneck & King, Syracuse, NY, for Defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

### PROCEDURAL BACKGROUND

The complaint in this action alleges disability discrimination by plaintiff's employer in violation of the Americans With Disabilities Act. Defendant moves for summary judgment. Defendant served its motion for summary judgment on March 20, 1998, supported by four affidavits, a Local Rule 56 Statement of Material Facts Not in Dispute, and a Memorandum of Law. On April 1, 1998, this court ordered that all papers in response to defendant's motion be filed by April 22, 1998. After plaintiff failed to respond, this court, *sua sponte*, granted plaintiff additional time to respond in an order entered June 24, 1998:

> Plaintiff is directed to respond to defendant's motion for summary judgment by August 24, 1998. Failure to respond to the motion for summary judgment could result in defendant's motion being granted by default, that is, because of plaintiff's failure to respond to the motion.

Well over six months have now passed since defendant filed its summary judgment motion. Plaintiff has not submitted any responding papers; he has not requested an extension of time to respond to the motion nor has he opposed the motion. He has not responded in any manner to counsel for defendant or to the court. For the reasons set forth below, the motion is granted, and the complaint is dismissed.

### DISCUSSION

There exist several bases upon which to grant defendant's motion and to dismiss the

complaint. These alternative bases for dismissal in this case are: (1) plaintiff's failure to prosecute; (2) plaintiff's failure to obey court orders; and (3) plaintiff's failure to show that there is a genuine issue as to any material fact.

## I. FAILURE TO PROSECUTE

Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court ...," and that "a dismissal under this subdivision ... operates as an adjudication upon the merits."

■ Dismissal of an action for failure to prosecute is within the court's discretion. *Nita v. Connecticut Dep't of Environmental Protection,* 16 F.3d 482, 485 (2d Cir.1994) (*citing Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); *Harding v. Federal Reserve Bank of New York,* 707 F.2d 46, 50 (2d Cir.1983).

■ I recognize that dismissal with prejudice is a harsh remedy, and should be used sparingly. *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982). Nonetheless, " '[s]anctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.' " *Dukes v. New York City Police Comm'r,* 129 F.R.D. 478, 481 (S.D.N.Y.1990) (*quoting Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)).

In considering whether dismissal is warranted, the court should consider:

[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] ... the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] ... the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) (Rule 41(b) dismissal); *see also, Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996).

■ On the record before me, I find that dismissal under these provisions is warranted in this case. Plaintiff has ignored this court's orders and has failed to prosecute his action. Plaintiff's failure or refusal to comply with the Federal Rules of Civil Procedure and with court orders has been total. Gittens was first ordered to file his response to defendant's summary judgment motion over five months ago. Upon plaintiff's failure to comply with that order, this court issued a second order extending plaintiff's time to respond. Because the extension expired over one month ago and plaintiff has still not filed any response whatsoever, he has violated that order as well. It appears, therefore, that his failure in this regard is the result of wilfulness and bad faith. Moreover, this court's June 23 order quite clearly warned plaintiff that his failure to respond by August 24th could subject his action to dismissal. Indeed, defendant provided plaintiff a detailed warning in its notice of motion of the requirement that plaintiff respond to the motion and the consequences of his failure to do so.[1] The Second Circuit "ha[s] upheld '[t]he

1. Defendant's notice of motion, served on March 19, 1998, stated in bold-face type:

As a pro se plaintiff in this case, you are entitled to notice that should you fail to respond to this motion, it will deemed a default. (Citation omitted). Please take further notice that pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely on your complaint, but you must respond, by affidavits or otherwise provided in that rule, setting forth specific facts showing there is a genuine issue of material fact for trial. Any factual asser-

tions in defendant's affidavits will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting defendant's assertions. If you do not so respond, summary judgment, if appropriate, may be entered against you. If summary judgment is granted against you, your case will be dismissed and there will be no trial.

Please take further notice that Rule 56 of the Western District of New York requires that you include a separate, short and concise statement of any material fact as to which you contend there exists a genuine issue. In the absence of such a statement, all material facts set forth in

severe sanction of dismissal with prejudice ... even against a plaintiff who is proceeding *pro se,* so long as a warning has been given that noncompliance can result in dismissal.'" *Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2, 5 (2d Cir.1997) (*quoting Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994)). In this case, plaintiff was warned on two separate occasions, first through defendant's notice of motion, and second through this court's June 23 order. Plaintiff has been given a fair chance to be heard, but he has chosen to do nothing.

■ Moreover, the prejudice to defendant resulting from such unreasonable delay may be presumed. *See, Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982). I also do not believe that some less severe sanction would be useful here, since plaintiff appears to have little regard for any court orders.

The fact that plaintiff is proceeding *pro se* is not enough to spare his case from dismissal under these circumstances. "[A]ll litigants, including *pro se*'s, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor,* 850 F.2d 121, 124 (2d Cir.1988). *See also, Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d at 5 (affirming dismissal of *pro se* complaint for failure to comply with discovery orders); *Stoute v. Rockefeller Foundation,* 93 Civ. 2628, 1995 WL 708690 (S.D.N.Y. Nov.30, 1995) (dismissing plaintiff's complaint for failure to prosecute where plaintiff failed, *inter alia,* to submit opposition papers to defendant's summary judgment motion); *Lukensow v. Harley Cars of New York,* 124 F.R.D. 64 (S.D.N.Y.1989) (granting summary judgment by default where plaintiffs neither responded to motion nor offered excuse for their failure to do so); *Lindsey v. Loughlin,* 616 F.Supp. 449, 453 (E.D.N.Y.1985) (dismissing *pro se* plaintiff's case under Rule 41(b) because of plaintiff's failure to appear at scheduled conferences, maintain contact with the court, or take other action to prepare case for trial). Plaintiff has no more right to disobey court orders

than a party represented by an attorney, and his *pro se* status does not immunize him from the sanctions authorized by the Federal Rules.

## II. FAILURE TO OBEY COURT SCHEDULING ORDERS

■ Rule 16(f) of the Federal Rules of Civil Procedure states that "[i]f a party ... fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others, any of the orders provided in Rule 37(b)(2)(B), (C), (D)." The Rule 37 sanctions incorporated into Rule 16 include "dismissing the action ..., or rendering a judgment by default against the disobedient party." *See Dukes v. New York City Police Comm'r,* 129 F.R.D. 478, 481 (S.D.N.Y.1990) (dismissing *pro se* litigant's complaint for failure to comply with discovery orders).

■ Dismissal is appropriate where (1) the party has demonstrated willfulness, bad faith or fault, (2) less drastic sanctions will not work, and (3) the party has been warned of the risk of dismissal for failure to comply with court orders. *See, Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d 759, 764 (2d Cir.1990), *cert. denied,* 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991); *Banjo v. United States,* 95 Civ. 0633, 1996 WL 426364 at \*4 (S.D.N.Y. July 30, 1996) (courts look to standards for dismissal for failure to prosecute in dismissing under Rule 37).

For the same reasons discussed in Point I, *supra,* I find that dismissal pursuant to Rule 16(f) of the Federal Rules of Civil Procedure is warranted.

## III. SUMMARY JUDGMENT

Rule 56(e) provides that if the non-movant fails to respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Local Rule 56 provides that all material facts set forth in the movant's Statement of Material

defendant's Rule 56 statement will be deemed admitted.

Facts "will be deemed admitted unless controverted by the statement required to be served by the opposing party." Local Rule 7.1(e) mandates that the party opposing a summary judgment motion file an answering memorandum and supporting affidavit, and further provides that "[f]ailure to comply ... may constitute grounds for resolving the motion against the non-complying party."

■ Where the movant's papers give the opposing party "easily comprehensible notice" of the possible consequences of not responding to the motion, and the party does not respond, the court may consider as undisputed the facts set forth in the moving party's affidavits. *See, Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996). The statement in defendant's notice of motion (footnote 2, *supra*) has been held as "ample to give [plaintiff] the required notice." *Id.* at 486.

■ As explained by the Second Circuit in *Champion,* however, the fact that there has been no response to a summary judgment motion does not mean that the motion is to be granted automatically. Such a motion may properly be granted only if the facts as to which there is no genuine dispute "show that the moving party is entitled to a judgment as a matter of law." *Id., (quoting* Fed.R.Civ.P. 56(c)). Given plaintiff's failure to oppose defendant's motion, the statements in defendant's Local Rule 56 Statement of Material Facts are deemed admitted. *Champion v. Artuz,* 76 F.3d at 486–487. If those facts show that summary judgment is appropriate, summary judgment should be granted. *Id.* at 486; Fed.R.Civ.P. 56(e).

## IV. THE ADA CLAIM

Courts evaluate discrimination claims predicated upon the ADA using the burden-shifting analysis developed to examine Title VII employment discrimination claims in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and later refined in *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252–253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506–511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). *Ennis v. National*

*Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 57–58 (4th Cir.1995); *Glidden v. County of Monroe,* 950 F.Supp. 73, 75 (W.D.N.Y. 1997).

■ Plaintiff must first establish a *prima facie* case of disability discrimination which requires him to show that: (1) he is "disabled" within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of his job; and (3) he suffered adverse employment action because of his disability. *Wernick v. Federal Reserve Bank,* 91 F.3d 379, 383 (2d Cir.1996); *Kotlowski v. Eastman Kodak Co.,* 922 F.Supp. 790, 796 (W.D.N.Y.1996). If plaintiff succeeds in establishing his *prima facie* case, "the burden of production" shifts to the employer to articulate a legitimate, non-discriminatory reason for its conduct. *St. Mary's Honor Center v. Hicks,* 509 U.S. at 507. If the employer adequately articulates such, any inference or presumptions of disability discrimination vanish and the plaintiff retains the ultimate burden of proving that the proffered rationale is pretextual and that the employer was discriminatorily motivated. *Id.* at 509–511, 113 S.Ct. 2742. To demonstrate such pretext and defeat an employer's properly supported summary judgment motion in an employment discrimination action, a plaintiff must produce "not simply 'some' evidence, but 'sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the employer were false, and that more likely than not [discrimination] was the real reason'" for the actions of which plaintiff complains. *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 714 (2d Cir.1996), *(quoting Woroski v. Nashua Corp.,* 31 F.3d 105, 110 (2d Cir. 1994)); *see also, St. Mary's Honor Center v. Hicks,* 509 U.S. at 515.

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 36 (2d Cir.1994). A genuine issue of material fact exists only if the record, taken as a whole, could lead a reasonable trier of fact to

find in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Moreover, in actions in which one of the parties appears *pro se,* this court is faced with the additional responsibility of granting significant liberality in how *pro se* pleadings are construed. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (*pro se* pleadings held "to less stringent standards than formal pleadings drafted by lawyers"); *Ortiz v. Cornetta,* 867 F.2d 146, 148 (2d Cir.1989); *accord, Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994) ("we read [the *pro se* party's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest").

■ Nevertheless, proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment. *See Lee v. Coughlin,* 902 F.Supp. 424, 429 (S.D.N.Y.1995) ("a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment,") *id.,* (*citing Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991), *reh'g granted on other grounds,* 914 F.Supp. 1004 (S.D.N.Y.1996)); *Kadosh v. TRW, Inc.,* No. 91 Civ. 5080, 1994 WL 681763, at *5 (S.D.N.Y. Dec. 5, 1994) ("[t]he work product of *pro se* litigants should be generously and liberally construed, but [the *pro se*'s] failure to allege either specific facts or particular laws that have been violated renders this attempt to oppose defendants' motion ineffectual"); *Stinson v. Sheriff's Dep't,* 499 F.Supp. 259, 262 (S.D.N.Y.1980) (holding that the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended").

To survive a summary judgment motion, an ADA plaintiff must meet the threshold burden of establishing that he is "disabled," as that term is defined under the statute. An individual is considered disabled, within the meaning of the ADA, if he: (1) has a physical or mental impairment that substantially limits one or more of the major life activities; (2) has a record of such an impairment; or (3) has been regarded as having such an impairment. 42 U.S.C. § 12102(2)(A)–(C).

■ In the instant case, Gittens alleges "lower spine injury." A physical impairment, however, standing alone, does not necessarily constitute a disability under the ADA. *Hazeldine v. Beverage Media, Ltd.,* 954 F.Supp. 697 (S.D.N.Y.1997). In fact, a physical impairment "may affect an individual's life without becoming disabling." *Id.* at *7. Therefore, Gittens must demonstrate that the physical impairment "substantially limits" one or more "major life activities." This he has failed to do.

The ADA does not define "substantially limits" or "major life activities." However, the regulations promulgated by the EEOC are instructive. To be substantially limited under the ADA, an individual must be "[u]nable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity" as compared to the average person in the general population. 29 C.F.R. § 1630.2(j)(1)(i)–(ii). "Major life activities" are defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

The three factors to be considered when determining whether an impairment substantially limits a major life activity are: (1) "[t]he nature and severity of the impairment"; (2) "[t]he duration or expected duration of the impairment"; and (3) "[t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2)(i)–(iii).

When an individual, such as Gittens, claims that an impairment limits him in the major life activity of working, he must prove that he is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i).

Plaintiff's sole impairment is that he is subject to a lifting restriction of 25–30 pounds. As presented, plaintiff, in essence, claims that he was improperly removed from a punch press operation in a work center known as "C–Center." Subsequently, plaintiff was reassigned to a punch press operation in another work center, known as "A–Perf," and thereafter to light duty work. Defendant's Statement of Facts, which is deemed admitted, states that lifting objects in excess of plaintiff's lifting restriction was an essential function of plaintiff's former positions in both C–Center and A–Perf. It further states that plaintiff could not perform the essential functions of those positions with or without accommodation.

■ The inability to perform a single, particular job, like punch press operation, does not constitute a substantial limitation in the major life activity of working. 29 C.F.R. § 1630.2(j)(3)(i). "[T]he impairment must substantially limit employment generally." *Byrne v. Board of Educ.*, 979 F.2d 560, 565 (7th Cir.1992); *Castro v. Local 1199*, 964 F.Supp. 719 (S.D.N.Y.1997). *See also, Heilweil v.. Mount Sinai Hosp.*, 32 F.3d 718, 723–24 (2d Cir.1994); *Daley v. Koch*, 892 F.2d 212, 215 (2d Cir.1989); *Sharp v. Abate*, 887 F.Supp. 695, 699 (S.D.N.Y.1995) ("[a]n impairment that limits an employee's ability to perform only one job is not a disability under the ADA") (citations omitted). In fact, every circuit that has considered this issue has held that an inability to perform a single particular job does not constitute a substantial limitation of the individual's ability to work. *See Heilweil v. Mount Sinai Hosp.*, 32 F.3d at 723–24 (citing cases from the 1st, 4th, 7th, 8th, and 10th circuits that hold that a person's inability to perform a specific job for a specific employer does not substantially limit a person's ability to work).

■ Based on the evidence before me, Gittens' only limitation is his inability to lift items in excess of 30 pounds. Courts have held, as a matter of law, that a weight limitation, such as Gittens', particularly when compared to an average person's abilities, "does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity." *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir.1996) (25 pound lifting limitation); *Aucutt v. Six Flags Over Mid–America, Inc.*, 85 F.3d 1311, 1319 (8th Cir.1996) (25 pound lifting restriction); *Kirkendall v. United Parcel Serv., Inc.*, 964 F.Supp. 106, 111 (W.D.N.Y.1997) (30 pound lifting restriction).

Further, when the major life activity at issue is the ability to work, the court may consider the following three additional factors in determining whether an individual is substantially limited: (1) "[t]he geographical area to which the individual has reasonable access"; (2) "[t]he job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs)"; and/or (3) "[t]he job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes)." 29 C.F.R. § 1630.2(j)(3)(ii)(A)–(C).

Plaintiff has failed to sustain his burden to establish a *prima facie* case that he was discriminated against on the basis of disability. Indeed, plaintiff has not satisfied his burden of pleading that he has a disability within the meaning of the ADA. While work is considered a major life activity, the inability to perform a single particular job does not constitute a substantial limitation of the individual's ability to work. Here, plaintiff has worked in other positions, including as a welder and a variety of other light duty jobs. Because plaintiff has not been limited from employment in general, and in fact has remained employed by defendant, plaintiff has failed to plead that he has a disability within the meaning of the ADA.[2]

---

**2.** Because I find that Gittens is not disabled within the meaning of the ADA, it is unnecessary

for me to consider whether he is able to perform

Even assuming *arguendo* that a *prima facie* case had been established, Garlock has substantially satisfied its burden of articulating and producing evidence of legitimate non-discriminatory reasons for its decision to reassign plaintiff, thereby vitiating any inference or presumption of discrimination. In the final analysis, there is simply no evidence before the court that Garlock's rationale supporting its decision to reassign plaintiff was pretextual or that the decision was motivated by improper animus.

## CONCLUSION

Defendant's motion for summary judgment is granted. Pursuant to Federal Rules of Civil Procedure 41(b), 16(f), and 56, the complaint is dismissed with prejudice.

IT IS SO ORDERED.

the essential functions of his position either with   or without reasonable accommodation.