Haywood **CHAMPION**, Plaintiff–
Appellant,

v.

Christopher **ARTUZ**, Superintendent; Sgt.
V. Guarracino, Defendants–Appellees.

No. 790, Docket 95–2510.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 17, 1996.

Decided Feb. 9, 1996.

Haywood Champion, Stormville, New York, pro se.

Dennis C. Vacco, New York City Attorney General of the State of New York (Ellen J. Fried, Joan M. Cresap, Assistant Attorneys General, New York, New York, of counsel), for Defendants–Appellees.

Before KEARSE, WALKER, and HEANEY *, Circuit Judges.

PER CURIAM:

Plaintiff Haywood Champion, a prisoner in New York State's Green Haven Correctional Facility ("Green Haven"), appeals from a final judgment of the United States District Court for the Southern District of New York, Lewis A. Kaplan, *Judge,* dismissing his claims under 42 U.S.C. § 1983 (1994) against defendant prison officials Christopher Artuz and V. Guarracino (collectively the "State") principally for (a) the revocation of Champion's right to conjugal visits from his wife, in violation of the Due Process Clause and the Equal Protection Clause, and (b) a search of his prison cell allegedly in retaliation for his complaints about the denial of conjugal visits. The district court granted defendants' motion for summary judgment dismissing the complaint, noting only that Champion had not responded to the motion. On appeal, Champion contends that he was not required to respond to defendants' summary judgment motion and that the court was required to deny their motion on the basis of the allegations of the complaint. He also contends that the court should have given him leave to amend his complaint. For the reasons that follow, we affirm.

According to the complaint, Champion was a participant in Green Haven's "Family Reunion" program, pursuant to which inmates could receive conjugal visits from their spouses. Champion's conjugal visitation privileges were suspended in October 1994, after prison guards found that Mrs. Champion, herself an "ex-offender," was carrying various items that they viewed as potential instrumentalities for Champion's escape, including a wig, a camouflage handkerchief, and a man's identification card. The revocation letter stated that visitation privileges were suspended because Mrs. Champion, as an ex-offender, had failed to comply with

---

* Honorable Gerald W. Heaney, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

various facility guidelines and because she had attempted to bring contraband into the facility.

Champion brought an Article 78 proceeding in state court and eventually prevailed on his claim that the revocation of his conjugal visitation privileges was arbitrary and capricious. *See Champion v. Annucci,* No. 86–A–6759 (N.Y.Sup.Ct.Albany County Sept. 28, 1995). The state court vacated and annulled the revocation of those privileges.

In the meantime, Champion commenced the present action in the district court, contending that the suspension of conjugal visits deprived him of his rights and constituted impermissible discrimination "simply because [Mrs. Champion] had been an inmate at one time in the past." He also complained that a search of his prison cell resulted in an unfounded misbehavior report and unwarranted discipline. The complaint principally sought damages for property destroyed in the search and injunctive relief restoring conjugal visits and prohibiting retaliation against Champion for the assertion of his equal protection rights.

■ The State moved to dismiss the complaint for failure to state a claim or for summary judgment, principally on the grounds that a prisoner has no due process right to conjugal visits and that no invidious discrimination was alleged. The State's motion was supported by affidavits and was accompanied by a statement pursuant to the Southern District's Civil Rule 3(g) ("Rule 3(g)") setting out facts as to which the State contended there was no genuine issue to be tried. That statement included the assertion that neither Artuz nor Guarracino had in any way been involved in the search of Champion's cell or the filing of the ensuing misbehavior report. In the State's three-paragraph notice of motion, the last two paragraphs advised Champion of the requirement that he respond to the factual assertions in the State's summary judgment motion:

> **PLEASE NOTE** that, pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon your complaint, but you must respond by affidavits or as otherwise provided in that rule, setting forth specific facts showing that there is a genuine issue of material fact for trial. Any factual assertions in our affidavits will be accepted by the District Judge as being true unless you submit affidavits or other documentary evidence contradicting out [*sic*] assertions. If you do not so respond, summary judgment, if appropriate, may be entered against you. If summary judgment is granted against you, your case will be dismissed and there will be no trial.

> **NOTE ALSO** that Civil Rule 3(g) of the United State [*sic*] District Court of the Southern and Eastern Districts of New York requires you to include a separate short and concise statement of any material facts as to which you contend there exists a genuine issue. In the absence of such a statement, all material facts set forth in our Rule 3(g) statement will be deemed admitted.

Champion did not respond to the State's motion, and the district court granted summary judgment against him.

■ On appeal, Champion contends that summary judgment should not have been entered against him, arguing that he was "not required ... by the Federal Rules of Civil Procedure" to respond, because the court was required to take all allegations in the complaint as true and to draw inferences therefrom in his favor. (Champion brief on appeal at 8.) We disagree. Nothing in the Rules supports his position; indeed, Fed. R.Civ.P. 56(e) expressly provides that a plaintiff opposing summary judgment may not rely on his complaint to defeat the motion, and we have noted that

> litigants should be on notice from the very publication of Rule 56(e) that a party faced with a summary judgment motion "may not rest upon the mere allegations or denials" of the party's pleading and that if the party does not respond properly, "summary judgment, if appropriate, shall be entered" against him.

*Graham v. Lewinski,* 848 F.2d 342, 344 (2d Cir.1988) (quoting Fed.R.Civ.P. 56(e)).

486

This Court has also held that summary judgment should not be entered by default against a *pro se* plaintiff who has not been given any notice that failure to respond will be deemed a default. *See Ruotolo v. IRS,* 28 F.3d 6, 8 (2d Cir.1994) (reversing summary judgment entered against *pro se* plaintiffs for failure to comply with court rule requiring filing of opposing memoranda within 21 days of motion, where court had not advised plaintiffs of the rule); *Graham v. Lewinski,* 848 F.2d at 344. However, we have indicated that an easily comprehensible notice from the party moving for summary judgment would suffice:

> The State has represented to us that in the future, whenever it moves for summary judgment in a suit in which the opposing party is an incarcerated pro se litigant, it will include an easily comprehensible notice of the possible consequences of not replying. We regard that as a sensible course to follow.

*Id.* at 345; *see also Timms v. Frank,* 953 F.2d 281, 285 (7th Cir.) (plain statement by moving party suffices), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2307, 119 L.Ed.2d 228 (1992).

In the present case, the State's notice of motion contained a statement, quoted above, clearly describing the requirements of Fed. R.Civ.P. 56(e) and Southern District Rule 3(g). The State's notice expressly warned Champion that under Rule 56(e), he could not simply rely on his complaint; that if he did not respond to the motion with an affidavit or other evidence as provided by Rule 56(e), the factual assertions in the State's affidavits would be accepted as true; that if he did not provide the court with a short statement of any material facts as to which he contended there existed a genuine issue, the court would accept the assertions of the State's Rule 3(g) statement as true; that if Champion did not respond to the motion with his own evidence, summary judgment could be granted against him; and that if summary judgment were granted, there would be no trial. This statement was ample to give Champion the required notice.

■ The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically. Such a motion may properly be granted only if the facts as to which there is no genuine dispute "show that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We conclude that summary judgment was appropriate in the present case. The dismissal of Champion's due process claim was proper because the state regulations permitting correctional facilities to allow conjugal visits to prisoners did not give Champion a liberty interest in such visits. *See, e.g., Hernandez v. Coughlin,* 18 F.3d 133, 136–138 (2d Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994); *see generally Sandin v. Conner,* — U.S. —, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Nor did the complaint allege a viable equal protection claim by asserting that a distinction was made on the basis of Champion's wife's status as a prior offender. *See also* Champion letter to this Court dated November 3, 1995, at 2 ("[t]he plaintiff is and has been complaining of the *bias* and *prejudice* that he and his wife were subjected to simply because it was learned that, in the distant past, the plaintiff's wife had been *incarcerated*" (emphasis in original)). Prior-offender status is not a suspect classification, and it plainly has a rational relationship to the regulation of visits to current prisoners. *See, e.g., Soberal–Perez v. Heckler,* 717 F.2d 36, 41 (2d Cir.1983) ("Where a suspect class or a fundamental right is not implicated, the challenged action need only be rationally related to a legitimate governmental purpose."), *cert. denied,* 466 U.S. 929, 104 S.Ct. 1713, 80 L.Ed.2d 186 (1984); *see generally Schweiker v. Wilson,* 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981); *Thomas v. Sullivan,* 922 F.2d 132, 136 (2d Cir.1990). Although Champion's letter to this Court also states that race "may well have also been a contributing factor," Champion November 3, 1995 letter, at 2, his complaint does not so allege, and his assertions to this Court in this regard are entirely speculative.

■ To the extent that Champion sought to assert that the search of his cell was in retaliation for his assertion of his rights, *see generally Colon v. Coughlin,* 58 F.3d 865, 872 (2d Cir.1995), his claim against the present

defendants was properly dismissed because, accepting the assertions in the State's affidavits and Rule 3(g) statement as true, neither of the present defendants had any personal involvement in that search. *See, e.g., Leonhard v. United States,* 633 F.2d 599, 621 n. 30 (2d Cir.1980) (respondeat-superior claim is not cognizable under § 1983), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981).

Accordingly, we conclude that the undisputed facts entitled the State to judgment as a matter of law and that the entry of summary judgment dismissing Champion's complaint was appropriate. We note that the dismissal of Champion's retaliation claim against these defendants does not foreclose an action for retaliation against persons who were personally involved. In all the circumstances, the district court was not required to allow Champion to file an amended complaint.

We have considered all of Champion's contentions on this appeal and have found them to be without merit. The judgment of the district court dismissing the complaint is affirmed.