101 F.3d 1394
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Carlos LOZADA, Plaintiff-Appellant,
v.
Sargeant Jerry P. MAGGY; Investigator Thomas W. Kirwin;
Lieutenant Robert Defayette; Eugene S. Lefevre,
Superintendent of Clinton Correctional Facility; James
Curran, Deputy Superintendent; John Bourdon, Family Reunion
Coordinator; Earl B. Moore, Assistant Commissioner;
Patrick J. Mcgann, First Deputy Superintendent; Thomas A.
Coughlin; Robert P. Sweeney; Thomas Mansfield, Defendants-Appellees.
 No. 95-2704.
 United States Court of Appeals, Second Circuit.
 Aug. 30, 1996.
 
 Appearing for Appellant: Carlos Lozada pro se, Ossining, N.Y.
 Appearing for Appellee: Martin A. Hotvet, Ass't Att'y Gen., Albany, N.Y.
 Before MESKILL, KEARSE and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was submitted by plaintiff pro se and by counsel for defendants.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Plaintiff pro se Carlos Lozada appeals from a judgment of the United States District Court for the Northern District of New York, Howard G. Munson, Judge, dismissing his complaint against defendants prison officials. Lozada contends principally that the district court erred in granting summary judgment dismissing his claims that defendants violated his Sixth Amendment right to counsel and his due process rights by filing a misbehavior report against him and withdrawing his conjugal visitation privileges in retaliation for his refusal to comply with an order that he provide finger, hand, and palm prints and handwriting exemplars pursuant to a subpoena. We reject his challenges substantially for the reasons stated in Judge Munson's Memorandum-Decision and Order dated September 24, 1995.
 
 
 4
 Defendants enjoy qualified immunity from Lozada's retaliation claims because it was objectively reasonable as a matter of law (a) for a prison official to order a prisoner, who was suspected of participating in drug-related activity in prison, to provide prints and handwriting exemplars in connection with an investigation of drug trafficking in the prison, and (b) for investigating officials to believe that Lozada was required to comply with such an order and to do so on the day before the prints and exemplars were to be presented to the United States Attorney's office in another city. Further, Lozada did not have any clearly established Sixth Amendment right to consult with counsel prior to complying with the subpoena, since no criminal proceedings had been instituted in connection with the investigation. See generally Gilbert v. California, 388 U.S. 263, 266-67 (1967). Nor did he have a liberty interest in conjugal visits. See, e.g., Champion v. Artuz, 76 F.3d 483, 486 (2d Cir.1996) (per curiam); Hernandez v. Coughlin, 18 F.3d 133, 136-38 (2d Cir.), cert. denied, 115 S.Ct. 117 (1994).
 
 
 5
 We have considered all of Lozada's arguments on this appeal and have found them to be without merit. The judgment of the district court is affirmed.