107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jeffrey Emanuel HEATH, Plaintiff-Appellant,
v.
Cynthia KESSLER, "Vincent" Cappara, John P. Keane,
Defendants-Appellees.
 No. 96-2418.
 United States Court of Appeals, Second Circuit.
 Jan. 28, 1997.
 
 Appearing for Appellant: Jeffery Emanuel Heath pro se, Otisville, N.Y.
 Appearing for Appellees:Vincent M. Cascio, Ass't Att'y Gen., N.Y., N.Y.
 Before OAKES, KEARSE and JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was submitted by plaintiff pro se and by counsel for defendants.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed in part, and vacated and remanded in part.
 
 
 3
 Plaintiff pro se Jeffery Emanuel Heath appeals from a judgment of the United States District Court for the Southern District of New York, Leonard B. Sand, Judge, dismissing his complaint pursuant to Fed.R.Civ.P. 56. On appeal, Heath contends principally that he did not know that he was required to respond to defendants' motion for summary judgment. For the reasons that follow, we affirm in part and vacate and remand in part.
 
 
 4
 We reject Heath's assertion that he is entitled to relief on the ground that he was ignorant of the requirement that he respond to defendants' summary judgment motion. The district court informed Heath that he was not entitled to rely solely on his complaint in order to defeat the motion and was required to submit affidavits or documentary evidence showing that there was a genuine issue of material fact to be tried. Since Heath did not respond to the motion, the district court properly accepted as true the assertions in defendants' statement pursuant to Rule 3(g) of the Local Civil Rules for the Southern District. See, e.g., Champion v. Artuz, 76 F.3d 483, 486 (2d Cir.1996) (per curiam). Those unrefuted assertions showed that defendants were entitled to judgment in their favor as a matter of law dismissing Heath's claims, except his claim based on the alleged assault by defendant Cappara.
 
 
 5
 Heath is entitled, however, to vacatur of the dismissal of his claim of assault by Cappara. That claim was expressly excluded by defendants from their motion for summary judgment; defendants stated that "that claim depends upon a disputed issue of fact and is not the subject of this motion." Heath thus was not required to make any presentation with respect to the assault claim against Cappara, and the district court's dismissal of that claim was error.
 
 
 6
 We have considered all of Heath's arguments on this appeal and, except to the extent indicated above, have found them to be without merit. The judgment is vacated insofar as it dismissed Heath's claim based on the alleged assault by Cappara, and the matter is remanded for further proceedings with respect to that claim. The judgment is in all other respects affirmed.