**Michael TAYLOR, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION,**
**Defendant.**

**No. 5:99–CV–770.**

United States District Court,
N.D. New York.

June 6, 2001.

Michael Taylor, Utica, NY, Plaintiff, Pro se.

Hodgson, Russ, Andrews, Woods & Goodyear, LLP, Noreen DeWire Grimmick, of counsel, Albany, NY, for Defendants.

### MEMORANDUM–DECISION AND ORDER

McCURN, Senior District Judge.

In May 1999, plaintiff Michael Taylor commenced this negligence action against defendant Consolidated Rail Corporation, d/b/a Conrail, alleging that he sustained serious and permanent ear damage due to defendant's train's whistle blowing. De-fendant now moves for summary judgment pursuant to Fed.R.Civ.P. 56. The motion is unopposed. For the following reasons, defendant's motion is granted.

### BACKGROUND

In August 1996, plaintiff, apparently an employee of the State of New York, was repairing a bridge located in Whitesboro, New York. Defendant owns and operates the railroad the passes under the above mentioned bridge. As alleged in the amended complaint, defendant's train blew its whistle as it approached and then passed under the bridge, and such whistle blowing permanently and seriously dam-aged plaintiff's ear. Plaintiff alleges de-fendant's negligence caused his injuries in that defendant failed to (1) provide a safe place to work, (2) warn plaintiff of the hazard it created by permitting a train to sound its whistle while passing through the work site, (3) properly supervise the work site and train its personnel in safety pre-cautions, (4) comply with rules governing railroad operations, and (5) exercise due care in protecting plaintiff at the work site, among other things.

Defendant answered the amended com-plaint and discovery, although somewhat protracted, ensued. On January 24, 2001, plaintiff's attorney moved to withdraw as counsel. Shortly thereafter, defendant made this motion for summary judgment. On April 20, 2001, Magistrate Judge Gary L. Sharpe granted plaintiff's counsel's mo-tion to withdraw and, after explaining to plaintiff the ramifications of not timely submitting opposition papers to defen-dant's pending summary judgment motion, ordered plaintiff to inform this court of his position with respect to the pending mo-tion after consideration of whether to pro-ceed *pro se* or obtain substitute counsel (*see* Dkt. No. 29). By letter received on May 24, 2001, plaintiff informed the court

that he is unable to proceed with the action.

## DISCUSSION

Dismissal of this action may be warranted under Fed.R.Civ.P. 41(a)(2) given plaintiff's statement in his May 24, 2001 letter that he is unwilling to continue the action.[1] However, since the court has defendant's unopposed motion for summary judgment before it, a decision on that motion is appropriate.

■ A grant of summary judgment is proper " 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 57 (2d Cir.1997) (quoting Fed. R.Civ.P. 56(c)). Rule 56 mandates the entry of summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Particularly relevant here, an unopposed summary judgment motion in a *pro se* action may be granted where (1) the *pro se* litigant has received adequate notice that failure to file any opposition may result in the entry of summary judgment without trial, and (2) the court is satisfied that "the facts as to which there is no genuine dispute show that the moving party is entitled to summary judgment as a matter of law." *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir.1996).

Magistrate Judge Sharpe's April 20, 2001 order thoroughly explained both the procedures plaintiff should follow if he wished to proceed *pro se* and oppose the summary judgment motion, and the consequences that would result if plaintiff failed to timely submit opposition papers. Plaintiff thus received adequate notice regarding what effect any failure to oppose the summary judgment motion would have on the action.

■ Turning to defendant's motion, the court determines that summary judgment must be granted as a matter of law. Defendant has provided undisputed facts establishing that it that it had no duty to supervise plaintiff, that it had no control of plaintiff's work site, and that it fully complied with all the applicable rules and regulations regarding the operation of the train. No genuine material issue of fact thus exists as to whether defendant owed a duty to plaintiff and, even assuming *arguendo* defendant owed plaintiff a duty, that defendant breached that duty. Accordingly, defendant's motion for summary judgment is granted.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED and the amended complaint in this action is DISMISSED, without costs.

IT IS SO ORDERED.

---

1. Rule 41 states in relevant part that "[e]xcept as provided in paragraph (1) of the subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R.Civ.P. 41(a)(2).