**Donald R. JERMOSEN,**
**Plaintiff–Appellant,**

v.

**Louis F. MANN, Superintendent, D. Miller, 1st Deputy Superintendent of Security, Donald Felter, Deputy Superintendent of Administration & J. Ambrose, Corrections Officer, Defendants–Appellees,**

Thomas A. Coughlin, Commissioner, C. Artuz, Deputy Superintendent, G. Wagner, John Does, Captain Wagner's Supervisory Staff, John Does, Superintendent Mann's Confidential Informants of "D" Block on 8/14/87, William Bodmer, Inspector General, Donald Selsky, Assistant Director of Special Housing Unit, William A. Coleman, 1st Deputy Commissioner, Phillip Coombe, Jr., Deputy Commissioner, Charles Devane, Deputy Commissioner, William G. McMahon, Chairman of the State Commission of Correction, John J. McNulty, Commissioner of the State Commission of Corrections, J.E. Thelwell, Commissioner of the State Commission on Corrections, Peter E. Haines, Correctional Facility Review Specialist, M. King, J. Ambrose, Corrections Officer, D. Sperry, J. Mulhern, Corrections Officer, H. Hoffman, Lieutenant, Review Officer, L. Meyer, Corrections Officer, P. Riccoboni, Sergeant for Immediate Security Supervisor & D. Myers, Corrections Officer, Defendants,

P. Levine, R. Mullen, Pedro Quinones, M. Harper, A. Mackiweicz, Co Van Riper, Co Knight, CO Cruzen F. Wippel, S.L. Mill & F. Morval, Consolidated–Defendants.

No. 99–0357.

United States Court of Appeals,
Second Circuit.

Aug. 29, 2001.

Donald R. Jermosen, White Deer, PA, pro se.

Martin A. Hotvet, Assistant Solicitor General of New York; Eliot Spitzer, Attorney General of New York, Nancy A. Spiegel, Assistant Solicitor General of New York, Peter H. Schiff, Senior Counsel, on the brief, New York, NY, for appellees.

Present CABRANES, STRAUB, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Plaintiff Donald R. Jermosen, appearing *pro se* and *in forma pauperis,* appeals from the District Court's summary judgment in favor of defendants by adopting the Report and Recommendation of Magistrate Judge David N. Hurd. The judgment was entered on September 29, 1999, and this timely appeal followed.

On May 26, 1998, Jermosen, a federal prisoner, filed three separate complaints in the District Court for the Southern District of New York against various federal corrections officials, alleging civil rights violations under 42 U.S.C. § 1983. These actions were consolidated and transferred to the Northern District of New York. On December 28 1998, the defendants moved for summary judgment, producing several affidavits and a copy of Jermosen's prison disciplinary record in support of their position. Although Jermosen was properly advised as a *pro se* plaintiff by defendants of his obligation to respond to the motion by showing a genuine issue of material fact for trial, Jermosen failed to file any direct opposition of record. Instead, he moved for default judgment on December 30, 1998 for defendants' "intentional failures" to comply with pre-trial discovery demands and to file an answer to the complaint. After seven months without a response from Jermosen to the motion for summary judgment, the Magistrate Judge issued a Report and Recommendation advising the District Court to grant defendants' motion, which the District Court did.

Appellant contends that he filed a cross-motion for summary judgment and that, in any event, his motion for default judgment constituted a response to defendants' motion for summary judgment. Therefore, Appellant argues, the District Court erred in granting summary judgment in defendants' favor without considering Jermosen's motion for default judgment. Defendants argue that the District Court properly granted their motion for summary judgment because Jermosen failed to oppose summary judgment in ample time. In addition, Appellees assert that they never received a cross-motion for summary judgment.

Federal Rule of Civil Procedure 56(e) explicitly requires that the adverse party's response to a motion for summary judgment "set forth specific facts showing that there ·is a genuine issue for trial." FED. R.CIV.P. 56(e) Therefore, plaintiff's motion for default judgment does not qualify as a proper response to defendants' motion for summary judgment, because plaintiff's motion merely alleges procedural failures by Appellees.

Plaintiff offers no evidence that a cross-motion for summary judgment was ever filed. No such motion was ever docketed, and defendants were never served with one. Moreover, plaintiff's past misrepresentations to this Court, including his service of substantially different briefs to the defendants and the Court in another case, do not bolster his credibility. (Appellees' Br., Letter from Assistant Att'y Gen. Martin A. Hotvet to Clerk George Lange, III of 10/14/97.)

Local Rule of Practice 7.1(b)(3) for the United States District Court for the Northern District of New York provides that "failure by the non-moving party to file or serve any papers as required by this Rule shall be deemed by the court as consent to the granting or denial of the motion, as the case may be, unless good cause is shown." Local Rule of Practice 7.1(b)(3), U.S. Dist. Court for the N. Dist. of N.Y. Similarly, we have concluded that if a plaintiff fails to oppose a defendant's motion for summary judgment, a district court may grant the motion if (1) the *pro se* plaintiff has received adequate notice that failure to respond will be deemed a default, and (2) the court is satisfied that there is no genuine dispute of material facts. *Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996). As a frequent litigant in the federal district courts of New York who has regularly moved for or opposed summary judgment in other actions, Jermosen was well aware of his obligation to respond to defendants' motion for summary judgment. Moreover, defendants' notice of motion contained the requisite notification concerning the consequences of Jermosen's failure to respond. Jermosen simply has not identified any reason for his failure to reply to defendants' motion for summary judgment, and he cannot rely solely on his complaint to defeat such a motion. FED.R.CIV.P. 56(e); *Champion,* 76 F.3d at 485.

Accordingly, the District Court did not err in granting defendants' motion for summary judgment. Jermosen was afforded more than sufficient time to respond to defendants' motion, and he simply failed to do so. The District Court properly accepted as undisputed the facts and evidence established defendants' submitted affidavits and Jermosen's prison disciplinary file.

Additionally, in an October 4, 2000 summary order, this Court dismissed another appeal by Jermosen in a different case as frivolous for his failure to oppose summary judgment. *Jermosen v. Kelly,* No. 99–0304 (2d Cir. Oct. 4, 2000). At that time, the Court cautioned Jermosen "that the filing of any future frivolous actions in this Court could result in sanctioning pursuant to Rule 38 of the Federal Rules of Appellate Procedure and the inherent authority of this Court." *Id.* Jermosen has failed to heed this warning. Accordingly, the Court hereby orders Jermosen to show cause, by no later than September 30, 2001, why this Court should not enter an order enjoining him from filing further papers in this Court without first obtaining leave to file.

The Clerk shall convey a copy of this order to Jermosen by certified mail, return receipt requested.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.