32

James R. MOORE, Plaintiff–Appellant,

v.

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES; Glenn S. Goord, Commissioner; Raymond Broaddus, Doctor, Deputy Commissioner of Program Services; David L. Miller, Superintendent, Eastern Correctional Facility; Shirley Baker, Coordinator of Family Services; Carol Melewski, Facility Family Services Coordinator; and Mark Ackerhalt, Service Unit Counselor, Defendants–Appellees.

No. 01–0064.

United States Court of Appeals, Second Circuit.

Oct. 23, 2001.

**33**

James R. Moore, Albion, NY, pro se.

Robert M. Goldfarb, Assistant Solicitor General; Eliot Spitzer, Attorney General for the State of New York, Nancy A. Spiegel, Assistant Solicitor General, on the brief, Albany, NY, for appellee.

Present WALKER, Chief Judge, MESKILL, Circuit Judge, and KOELTL, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant James R. Moore appeals from the May 16, 2001 judgment of the district court granting summary judgment to defendants-appellees, the New York State Department of Correctional Services and several of its employees (collectively "DOCS"), and dismissing his complaint, filed pursuant to 42 U.S.C. § 1983, asserting that DOCS' refusal to allow him to participate in the Family Reunion Program ("FRP") with his wife, notwithstanding his previous participation in the program for two years, violated his rights under the Fifth, Eighth, and Fourteenth Amendments.

■ We affirm the judgment below for substantially the reasons stated in the district court's Memorandum Decision and Order dated May 10, 2001. As the district court noted, to state a procedural due process claim, a plaintiff must establish the deprivation of a "protected liberty inter-

est." *Arce v. Walker*, 139 F.3d 329, 333 (2d Cir.1998). Inmates do not have a protected liberty interest in marital privacy or conjugal visits. *See Hernandez v. Coughlin*, 18 F.3d 133, 137 (2d Cir.1994); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996) (no protected liberty interest in participation in FRP, even where inmate was previously allowed to participate). Therefore, DOCS refusal to permit Moore to participate in the FRP does not constitute a violation of his right to due process.

■ To the extent Moore is claiming a violation of his right to equal protection because other similarly situated inmates were allowed to participate in the FRP, such a claim fails because under a rational-basis review, *see Lee v. Governor of New York*, 87 F.3d 55, 60 (2d Cir.1996) (holding that rational basis applies because prisoners, either in the aggregate or separated by specific offense, do not constitute a suspect class), DOCS' reasons for not allowing Moore to participate in the FRP—based on the nature of his crime and his refusal to accept full responsibility—are rationally related to the penological goals of the prison system. *See Smith v. Coughlin*, 748 F.2d 783, 786–88 (2d Cir.1984).

■ Finally, Moore's Eighth Amendment claim fails because the denial of participation in the FRP, which is a discretionary program offered only to select inmates, does not constitute a deprivation that is "objectively, sufficiently serious" so as to deny Moore "the minimal civilized measure of life's necessities." *See Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001).

* The Honorable John G. Koeltl, of the District Court for the Southern District of New York, sitting by designation.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.