**Robert SAVITSKY, Plaintiff–Appellant,**

v.

**Louis MAZZELLA, Sr., Anne Mazzella, Louis Mazzella, Jr., Claude Castro, Castro & Karten, LLP, Timothy Dowd, Louis Mazzella Irrevocable Trust, Darby Corporation, A & L Properties, CLM Properties, Inc., Defendants–Appellees,**

**Fischman & Fischman, Doreen Fischman, Defendants.**

**Docket No. 02–7568.**

United States Court of Appeals, Second Circuit.

March 14, 2003.

---

Robert Savitsky, Frackville, PA, for Appellant, pro se.

Claude Castro, Castro & Karten, LLP, New York, NY, for Appellee.

Present: OAKES, CABRANES and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **VACATED** and **REMANDED**.

Plaintiff–Appellant Robert Savitsky appeals, *pro se*, from the District Court's grant of summary judgment against him. Savitsky filed a complaint against the defendants in the United States District Court for Central District of California, which was transferred to the United States District Court for Southern District of New York in December 1998. The com-plaint alleged that the defendants partici-pated in the fraudulent transfer of proper-ty in order to prevent the satisfaction of a $90,000 civil judgment awarded in Savit-sky's favor against defendant Louis Maz-zella, Sr. in the United States District Court for Eastern District of Pennsylvania in 1991. In early 2002, the defendants moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, summary judgment pursuant to Federal Rule of Civil Procedure 56(c). On April 24, 2002, the District Court granted the motion for summary judgment pursuant to Rule 56(c).

Although Savitsky had legal representa-tion when he filed the complaint in this action, he was no longer represented by counsel at the time the defendants filed their motion for summary judgment. On appeal, Savitsky argues, *inter alia*, that we should vacate the District Court judgment pursuant to *Vital v. Interfaith Medical Center*, 168 F.3d 615, 620–21 (2d Cir.1999), which requires that a *pro se* litigant de-fending against a summary judgment mo-tion be notified as to the nature and conse-quences of summary judgment.

The parties agree that the District Court did not expressly explain to Savitsky the nature and consequences of the defen-dants' motion. Moreover, the defendants' motion papers did not describe the re-quirements of Federal Rule of Civil Proce-dure 56(e). *See Champion v. Artuz*, 76 F.3d 483, 485–86 (2d Cir.1996) (holding that a description of the requirements of Rule 56(e) in the moving party's papers might constitute sufficient notice to a *pro se* litigant of the nature and consequences of the motion). Accordingly, vacatur is warranted unless "it is reasonably appar-ent [from the record] that the [*pro se*] litigant understood the nature of the ad-versary's summary judgment motion and the consequences of not properly opposing

it." *Sawyer v. American Fed'n of Gov't Employees,* 180 F.3d 31, 35 (2d Cir.1999).

Upon reviewing the record, it is not clear to us that Savitsky understood the nature of the defendants' summary judgment motion. First, Savitsky's opposition papers largely discussed the sufficiency of his complaint rather than whether he had presented evidence sufficient to survive a summary judgment motion, thereby confusing the standards for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). This confusion is further evidenced by the fact that Savitsky failed to file a Rule 56.1 statement and the fact that he failed to enter into the record numerous documents that he now seeks to present to this Court in order to demonstrate that he has adduced evidence sufficient to survive summary judgment. Moreover, although the District Court stated in its opinion that it was granting summary judgment pursuant to Federal Rule of Civil Procedure 56(c), *see Savitsky v. Mazzella,* No. 98 Civ. 9051(RWS), 2002 U.S. Dist. LEXIS 7063, *8–9, 2002 WL 664060 (S.D.N.Y. April 23, 2002), its analysis relied in large part upon the sufficiency of Savitsky's complaint. In so far as the District Court itself seems to have been confused about the nature of it ruling, we cannot assume that Savitsky, acting *pro se,* was aware of the standards and burdens associated with a Rule 56(c) motion for summary judgment.

The defendants argue that, although Savitsky was technically acting *pro se,* he "was at all relevant times represented by counsel" because he was receiving "the benefit of legal expertise and advice." Br. for Defs.-Appellees at 6. There is no evidence in the record to support this assertion. Moreover, having examined the documents filed by Savitsky in response to the defendants' motion for summary judgment,

we see no indication that they are the product of legal counsel.

For the foregoing reasons, the District Court erred by failing to provide Savitsky with notice of the nature and consequences of the defendants' motion. Accordingly, the judgment of the District Court is VACATED, and the cause is REMANDED to the District Court for further proceedings consistent with this order.