**Walter GRANT, Plaintiff–Appellant,**

v.

**Glenn S. GOORD, Commissioner of the New York State Department of Correctional Services, Defendant–Appellee.**

No. 04–3809–PR.

United States Court of Appeals, Second Circuit.

Nov. 28, 2005.

**552**

Lawrence T. Hausman (Laura R. Johnson, on the brief), The Legal Aid Society, New York, NY, for Appellant.

Victor Paladino, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Michael S. Belohlavek, Deputy Solicitor General, on the brief), Albany, NY, for Appellee.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. PIERRE N. LEVAL, Circuit Judge, and Hon. GERARD E. LYNCH, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Walter Grant appeals from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*), dismissing his complaint. Grant, who is incarcerated in New York state, brought suit under 42 U.S.C. § 1983, challenging New York's DNA statute, N.Y. Exec. Law § 995 *et seq.*, under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. The district court denied Grant's motion for summary judgment and, after a bench trial, dismissed the complaint. We affirm.

On appeal, Grant raises three claims. First, he renews his Fourth Amendment claim, arguing that New York's DNA indexing statute constitutes an unreasonable search and seizure. We disagree. As explained in detail in a published opinion issued today, *see Nicholas v. Goord*, 430 F.3d 652 (2d Cir.2005), we find that New York's DNA-indexing statute satisfies the Fourth Amendment under the special-needs test.

Second, Grant renews his Ex Post Facto Clause claim, which we likewise find meritless. Because New York's statute does not "retroactively alter the definition of crimes or increase the punishment for criminal acts," *Collins v. Youngblood*, 497 U.S. 37, 43, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), it does not violate the Ex Post Facto Clause. Even though the state may discipline inmates who refuse to provide DNA samples, such disciplinary measures do not constitute "punishment" within the meaning of the Ex Post Facto Clause. *See, e.g., Gilbert v. Peters*, 55 F.3d 237, 239 (7th Cir.1995) ("Disciplinary measures imposed on inmates for failing to obey orders ... do not violate the Ex Post Facto Clause."); *Jones v. Murray*, 962 F.2d 302, 310 (4th Cir.1992).

Third, Grant argues that he was entitled to summary judgment as a matter of law because the state failed to oppose his summary-judgment motion. As we have previously held, "[t]he fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996) (per curiam). The moving party must still show that undisputed facts entitle him to judgment as a matter of law. *Id.* Because Grant failed to make such a showing, the district court properly denied his summary-judgment motion.

We have carefully considered all of Grant's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

* The Honorable Gerard E. Lynch of the United States District Court for the Southern District of New York, sitting by designation.