09-4582-cv (L), 09-4773-cv (Con)
*Belpasso v. Port Authority of New York and New Jersey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand ten.

PRESENT:

> ROGER J. MINER,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

_____

Philip R. Belpasso,

> *Plaintiff-Appellant,*

-v.-                                    09-4582-cv (L)
                                        09-4773-cv (Con)

Port Authority of New York and New Jersey,

> *Defendant-Appellee,*

City of New York, New York,

> *Defendant.*[*]

_____

_____

[*]The Clerk of Court is directed to amend the official caption to conform with the caption above.

FOR APPELLANT:          Philip R. Belpasso, *pro se*, Fair Lawn, New Jersey.

FOR APPELLEE:           Megan Lee, Port Authority of New York and New Jersey, New York, New York.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment be **AFFIRMED.**

In this consolidated appeal, plaintiff-appellant Philip R. Belpasso ("Belpasso"), *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*) 1) adopting the magistrate judge's report and recommendation and granting defendant-appellee Port Authority of New York and New Jersey's ("Port Authority") motion for summary judgment; and 2) denying Belpasso's motion for a "contempt hearing" and request for sanctions against the Port Authority. Belpasso also appeals from an order dismissing, on the grounds set forth in the report and recommendation, a separate action raising identical legal claims and involving the same parties. He further moves to compel defendant City of New York, New York ("City") to file a response brief in this appeal.[1] We assume the parties' familiarity with the facts and procedural history.

We review a grant of summary judgment *de novo* and must

[1] The district court dismissed Belpasso's claims against the City in a Memorandum and Order issued July 2, 2008. Belpasso's motion for reconsideration was denied on October 20, 2008. The City is not a party to this appeal.

determine whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank v. Delta Air Lines*, 263 F.3d 42, 46 (2d Cir. 2001). In determining whether there are genuine issues of material fact, we are "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trustees of Columbia Univ. in City of N.Y.*, 131 F.3d 305, 312 (2d Cir. 1997)). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (emphasis added); *see also Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). When the moving party has carried its burden, its opponent "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot "rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001).

Where the party opposing summary judgment is proceeding *pro se*, we must read that party's pleadings "liberally and interpret

3

them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).  A *pro se* plaintiff, however, cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his favor. *See Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996).  Viewing the evidence in the light most favorable to the nonmoving party, summary judgment is appropriate where there is no genuine issue of material fact. *See Anderson*, 477 U.S. at 248.

Having reviewed the record in light of these principles, we affirm the district court's judgment for substantially the same reasons presented in the thorough and well-reasoned report and recommendation by the magistrate judge.  We have considered all of Belpasso's contentions on appeal and find them to be without merit.

The judgment and order of the district court are therefore AFFIRMED.  It is further ORDERED that Belpasso's motion to compel the City to file a brief in this action is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4