12-151-cv
Michaelidis v. Berry

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of November, two thousand twelve.

PRESENT:
>    JON O. NEWMAN
>    BARRINGTON D. PARKER
>    REENA RAGGI,
>         *Circuit Judges.*

-----------------------------------------------------------------------
GEORGE MICHAELIDIS, ALEXANDER MICHAELIDIS, LAKE PRESPA, LTD.,
>         *Plaintiffs-Appellant*s,

>    v.                                              No. 12-151-cv

DONNA BERRY, BRIAN C. DAVIS,
>         *Defendants-Appellees.*
-----------------------------------------------------------------------

FOR APPELLANT:                    Richard H. Wyssling, Esq., Buffalo, New York.

FOR APPELLEE:                     Timothy Alfred Ball, Corporation Counsel of the City of Buffalo, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 15, 2011, is AFFIRMED.

Plaintiffs George Michaelidis, Alexander Michaelidis, and Lake Prespa, Ltd. appeal from an award of summary judgment in favor of defendants Brian C. Davis, a Buffalo city councilman, and Donna Berry, a Buffalo district police chief, on claims that defendants violated or conspired to violate plaintiffs' constitutional rights of contract, association, equal protection, and due process. See 42 U.S.C. §§ 1981, 1983, 1985. Plaintiffs also appeal the district court's refusal to exercise supplemental jurisdiction over their state law claims of race discrimination. See N.Y. Exec. Law § 290 et seq. We review the award of summary judgment de novo, viewing the record evidence in the light most favorable to the plaintiffs and drawing all reasonable inferences in their favor. See Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012). The rule does not apply, however, to allegations unsupported by record evidence. See Fed. R. Civ. P. 56(e); Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996) ("[A] plaintiff opposing summary judgment may not rely on his complaint to defeat the motion."). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Section 1981

Plaintiffs, who are Caucasian, claim that defendants were animated by racial bias against their African-American promoter and African-American clients in attempting to interfere with their promotion and lease contracts.  The claim fails for two reasons.  First, plaintiffs' landlords, who are not defendants in this action, testified that they did not renew plaintiffs' lease because of late rent payments and a failure to maintain insurance policies.  Insofar as plaintiffs submit that the landlords' actions were induced by "hassling" from defendants, plaintiffs' hearsay accounts of a statement purportedly made by one landlord that he feared being "hassled" are not admissible to prove that hassling took place.  See Fed R. Evid. 801(c).   In short, plaintiffs fail to adduce sufficient admissible evidence to raise a triable issue of fact that defendants interfered with any lease contract.  See Fed. R. Civ. P. 56(c)(2).

Moreover, a § 1981 claim requires proof of an intent to discriminate based on race.  See Brown v. Oneonta, 221 F.3d 329, 339 (2d Cir. 2000).  Plaintiffs submit that such intent can be inferred from defendants' characterization of their promoter as a gangster and drug dealer in telling plaintiffs that they had to terminate the employee.  Plaintiffs urge that these characterizations are racial stereotypes, which can support an inference of racial bias where, as here, defendants never substantiated the allegations.  See generally Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989).  Because this argument was not raised in the district court, we might well deem it forfeited.  See Oneida Indian Nation v. Madison County, 665

3

F.3d 408, 441 (2d Cir. 2011) (holding arguments not raised in the district court to be forfeited on appeal). Even if no such procedural obstacle were present, however, we would not need to decide in this case whether the circumstances evidenced stereotyping giving rise to an inference of racial bias, because plaintiffs fail to demonstrate that defendants' actions interfered with any contract. The record indicates that plaintiffs maintained their employment relationship with their promoter at least until their landlord's decision not to renew their lease, an action to which no admissible evidence links defendants.

2. Section 1983

Plaintiffs sue under § 1983 for alleged violations of their First Amendment right of intimate association and their Fourteenth Amendment rights to equal protection and due process.

The First Amendment claim fails because plaintiffs fail to allege, much less adduce evidence of, interference with the sort of close family relationships recognized as intimate relationships warranting constitutional protection. See Roberts v. U.S. Jaycees, 468 U.S. 609, 619–20 (1984); Patel v. Searles, 305 F.3d 130, 136 (2d Cir. 2002); Adler v. Pataki, 185 F.3d 35, 44 (2d Cir. 1999). Plaintiffs' relationships with their landlords, their restaurant customers, and their employees are not sufficiently intimate to implicate this protection.

4

Further, plaintiffs' equal protection claim under § 1983, like their § 1981 claim, requires a showing of a nexus between the claimed injury and defendants' conduct, as well as discriminatory intent. See Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Because plaintiffs rely on the same evidence and arguments to satisfy these requirements of both claims, we conclude that the § 1983 discrimination claims fail for the same reasons as do the § 1981 claims.

Insofar as plaintiffs contend that defendants' closure of their restaurant on September 27, 2007, violated procedural due process, they fail to show any property right to be open on that night in light of their concession that they were presenting a live band performance without the requisite permit. See Narumanchi v. Bd. of Trs., 850 F.2d 70, 72 (2d Cir. 1988) ("The threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution.").

3.    Conclusion

We have considered plaintiffs' remaining arguments and conclude that they are without merit. Because plaintiffs' federal claims were insufficient to withstand summary judgment, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over plaintiffs' state law claims. See N.Y. Mercantile Exch., Inc. v. IntercontinentalExch., Inc., 497 F.3d 109, 119 (2d Cir. 2007).

Accordingly, the judgment of the district court is AFFIRMED.

          FOR THE COURT:
          CATHERINE O'HAGAN WOLFE, Clerk of Court