12-4589-cv (L)
Press Access LLC v. 1-800 Postcards, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand thirteen.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

_____

PRESS ACCESS LLC,

> *Plaintiff–Appellant*,

> v.

1-800 POSTCARDS, INC.,

> *Defendant–Appellee*.

No. 12-4589-cv(L)
13-419(con)

_____

FOR APPELLANT: Steven D. Karlin, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, Avon, Connecticut

FOR APPELLEE: Richard J. Pilson, Berliner & Pilson, Esqs., Great Neck, New York

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff–Appellant Press Access LLC ("Press Access") appeals from the final judgment and following orders of the district court: a December 13, 2011 order dismissing Press Access's claims for breach of contract and unjust enrichment for failure to state a claim; an October 9, 2012 order granting summary judgment to Defendant–Appellee 1-800 Postcards, Inc. ("Postcards"), dismissing Press Access's claims for replevin and account stated; and a January 25, 2013 order denying Press Access's motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

1.      **Background**

This case arises from a contract dispute between Press Access and Postcards. The parties entered into a contract for the sale by Press Access to Postcards of a used Heidelberg SM XL 105-5+L Serial Number FS000477 printing press. The contract included a 12-month warranty that began when Press Access delivered the press to Postcards. The total amount to be paid for the press was $1,662,000, comprised of an initial deposit of $831,000, trade-in allowances for certain Mitsubishi products, and installment payments. Soon after receiving the press, Postcards began having difficulty making the payments on the outstanding balance. Negotiations occurred, but the parties were not able to resolve their disagreements as to the amount owed. Press Access filed its suit for (1) breach of contract; (2) account stated; (3) unjust enrichment; and (4) replevin.

The district court dismissed the breach of contract and unjust enrichment claims at the pleading stage, and the parties began discovery. Postcards later filed for summary judgment.

2

With respect to the claim for replevin, Postcards asserted that Press Access failed to show that it had demanded the return of the press. In response, Press Access cited evidence which it claimed showed that it had made a demand. The district court, however, determined that this evidence failed to show a demand and granted summary judgment on the claim in favor of Postcards. The district court also granted Postcards's motion for summary judgment insofar as it sought to dismiss Press Access's claim for account stated.

Press Access then moved for reconsideration, proffering new evidence that it had made a demand for the return of the press. The district court denied that motion because Press Access failed to show that the newly proffered evidence could not have been discovered earlier with reasonable diligence.

Before this court Press Access does not appeal the dismissal of the account stated and unjust enrichment claims. We focus, therefore, on the dismissals of the replevin claim and the breach of contract claim.

## 2. Appeal from the Order Granting Summary Judgment

With respect to Press Access's initial showing in response to the motion for summary judgment, on *de novo* review, *see State Emp. Bargaining Agent Coal. v. Rowland*, 718 F.3d 126, 131 (2d Cir. 2013), we find no fault with the district court's conclusion that the evidence designated by Press Access was insufficient to raise a genuine dispute of material fact with regard to whether it had made a demand. Allegations in the complaint do not constitute evidence, and the facts recited in the affidavit proffered by Press Access fail to raise a genuine factual dispute on the demand issue. *See, e.g.*, *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996). Moreover, regarding the evidence cited by Press Access in its motion for reconsideration, the district court did not exceed the bounds of its discretion in denying the motion, *see Padilla v.*

3

*Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013), concluding that Press Access failed to show that it could not with reasonable diligence have designated this evidence in responding to the original motion, s*ee State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004).  As for Press Access's further arguments that under New York law it was not obligated in the particular circumstances to make a demand, that its complaint served as a demand, and that the order granting summary judgment should have been modified to provide that it was without prejudice (thus permitting reassertion of the replevin action following a new demand), these points were not argued in the district court on summary judgment and accordingly are not preserved for appeal.  *See Bogle–Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006).

**3.      Appeal from the Order Dismissing the Breach of Contract Action**

Finally, "[w]e review *de novo* a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), 'accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor.'"  *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007)).

Press Access argues that "[t]he district court erred in dismissing the breach of contract action because it was impossible to determine the date that the cause of action accrued from the Complaint and the exhibits."  The contract between Press Access and Postcards provided, *inter alia*, for three installment payments: one each to be paid upon execution of the contract, upon delivery, and upon completion of installation.  Under the terms of the contract, "[i]nterest shall be payable monthly on unpaid balances after maturity of any and all installments at 1.5% per month."  It is evident from the pleadings that Press Access was seeking interest on the full amount due under the contract as of December 2008.  That is, Press Access's claim for interest,

4

calculated based on the amount due under the contract as of December 2008, constitutes its acknowledgement that the final installment payment was due as of that date. The relevant facts evident from the pleadings, therefore, demonstrate that the latest a breach could have occurred under the express terms of the contract was in December of 2008, at which time the one-year window in which to bring a claim began running. Press Access failed to bring suit alleging a cause of action based on breach of contract within this one-year window, and therefore the district court did not err in dismissing this claim.

We have considered Press Access's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk