Garcia v. Morris

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand nineteen.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

———————————————————————

Frank Garcia,

>> *Plaintiff-Appellant*,

>> v.                                                                 18-3817

Cheryl V. Morris, Deputy Superintendent of Programs, Eastern NY Correctional Facility, Alicia Smith-Roberts, Director of M/F&VS DOCCS,

>> *Defendants-Appellees*.[1]

———————————————————————

FOR PLAINTIFF-APPELLANT:          FRANK GARCIA, *pro se*, Attica, NY.

FOR DEFENDANTS-APPELLEES:       No appearance.

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Frank Garcia, *pro se*, sued Cheryl Morris, former director of New York State Department of Corrections and Community Supervision ("DOCCS") Ministerial, Family, and Volunteer Services ("MFVS"), and Alicia Smith-Roberts, the current MFVS director, under 42 U.S.C. § 1983. He alleged that the defendants denied him procedural due process when they revoked permission for him to participate in DOCCS's Family Reunion Program ("FRP"). The district court *sua sponte* dismissed the complaint, reasoning in relevant part that Garcia had no protected liberty interest in participating in the FRP. On appeal, Garcia challenges the dismissal and moves for "de novo review" of the district court's judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the *sua sponte* dismissal of a complaint *de novo*. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). *Pro se* submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted). As an initial matter, we deny Garcia's motion for *de novo* review as moot because we already review *sua sponte* dismissals *de novo*.

To state a claim under § 1983 for denial of due process arising out of a disciplinary hearing, a plaintiff must show both that he: (1) possessed a liberty interest; and (2) was deprived of that interest without sufficient process. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004). When

2

the liberty interest is created by state law, we examine whether the "relevant state law or regulation

. . . require[s] specific mandatory substantive predicates to govern administrative decisions and

must mandat[e] the outcome to be reached upon a finding that the relevant criteria have been met[.]"

*Hernandez v. Coughlin*, 18 F.3d 133, 137 (2d Cir. 1994) (internal quotation marks omitted; third

alteration in original).   If a statute does not mandate any particular outcome, *e.g.*, when the decision

is discretionary, then there is no protected liberty interest granted by the statute.   *Id.*

The regulations governing the FRP specify no particular outcomes for applicants.   The

decisions are entirely discretionary and prior participation is not a guarantee of re-approval.   *See* 7

N.Y.C.R.R. §§ 220.2 (listing eligibility factors that are determined at the time an application is

processed); 220.4 (requiring complete "full-cycle" review when a prisoner is a new applicant,

transfers facilities, receives a prior denial, or seeks to add new family members).   As a result, we

have repeatedly held that a prisoner has no protected liberty interest in participating in the FRP,

even when he had already been participating in the program.   *See Champion v. Artuz*, 76 F.3d 483,

484–86 (2d Cir. 1996); *Hernandez*, 18 F.3d at 135, 137–38.   Therefore, Garcia cannot state a claim

for denial of procedural due process based on the revocation of his participation in the FRP and

denial of his later applications to reinstate his participation.[2]

---

[2] Because we affirm solely on the basis of Garcia's failure to state a claim for denial of due process, we express no view on the district court's alternate grounds for dismissal of certain claims on the basis of sovereign immunity.

We have reviewed the remainder of Garcia's arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED** and Garcia's motion

for *de novo* review is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4